CATHERINE E. P. NICHOLS *vs.* INHABITANTS OF RICHMOND.

Berkshire.    September 12, 1894. — October 18, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Grade Crossing — Land Damages — Discontinued Portion of Way.*

Premises which touch only at two corners that portion of a way within a railroad location discontinued under St. 1890, c. 428, do not in any proper sense abut upon such discontinued portion of the way, though they do upon other portions of it.

If a person has been obliged, in passing from one portion of his premises to another, to use a way of which a part on which his premises do not abut has been discontinued under St. 1890, c. 428, and, in consequence thereof, is compelled to use a longer and more circuitous and less convenient route over a new way substituted for and provided in place of the discontinued portion, he cannot recover damages for the inconvenience resulting from the discontinuance.

PETITION, for the assessment of damages under St. 1890, c. 428, § 5, as amended by St. 1891, c. 123. By due proceedings in the Superior Court, upon petition of the respondent town and the Boston and Albany Railroad Company, certain grade crossings in the town were abolished, an overhead crossing was constructed, a new way was laid out over the land of the petitioner,

and so much of an ancient public way across the railroad as was within its location was discontinued.

At the trial in the Superior Court, before *Mason*, C. J., it appeared that the petitioner's farm abutted on the northerly side thereof upon said ancient public way, and comprised about sixty-five acres; that, before the railroad was located, Eleazor Williams, the father of the petitioner, owned the farm, together with the land which at the time of the trial was within the railroad location through it, and used the whole as one farm; that in 1838 he conveyed to the railroad company the land occupied later by the railroad location, and this conveyance left the farm in two portions, both abutting on the ancient public way and on the land occupied by the railroad location. The portion on the westerly side of the railroad, comprising about two acres, had upon it the dwelling-house and farm buildings, and the portion on the easterly side comprised the remainder of the farm. The petitioner's title was by descent and mesne conveyances from Williams. It also appeared that from the construction of the railroad to the discontinuance of the portion of the ancient public way the farm had been owned and used as one tract; that the stock kept thereon was housed on the westerly side of the railroad, and in the season for pasturage was driven night and morning over the discontinued portion of the way; that the crops and the manure used in cultivation were hauled over it; and that travel over the discontinued portion of the way was constant· and continuous, as occasion existed, for all purposes required in the operation of the farm, and there was no private crossing of the railroad between said portions of the farm. By the proceedings aforesaid a new public way was laid out over the land of the petitioner, by which a more circuitous and less convenient route between the two portions of the farm was provided.

The petitioner claimed damages for injury to her farm by the laying out and construction of the new way, and by the discontinuance of the portion of the ancient public way, but no other or different element of damage from such discontinuance than herein stated was presented. Under·the direction of the Chief Justice, the jury assessed the damages separately, those for laying out and constructing the new way at one hundred and

twenty-five dollars, and those for discontinuing the old way at one thousand dollars. The Chief Justice ruled that the petitioner could not recover as damages for discontinuance of that portion of the highway within the railroad location, the injury to her farm resulting from the fact that the travel on the highway required in its operation must, in consequence of such discontinuance, be by a longer and more inconvenient route, and ordered judgment for the petitioner in the smaller sum. Thereupon the case was reported, by consent of the parties, for the determination of the Supreme Judicial Court. If the ruling was erroneous, judgment was to be entered for the petitioner, in the sum of eleven hundred and twenty-five dollars, with interest; otherwise, in the sum of one hundred and twenty-five dollars, with interest.

*J. F. Noxon*, for the petitioner.

*C. E. Hibbard*, for the respondent.

MORTON, J. The petitioner's premises were situated on both sides of and adjoined the railroad, and were on the northerly side of the way. They touched only at two corners that portion of the way within the railroad location which was discontinued. They did not, therefore, in any proper sense, abut upon the discontinued portion of the way, though they did upon other portions of it, and the case presented is that of a party who has been obliged, in passing from one portion of her premises to another, to use a way of which a part on which her premises do not abut has been discontinued, and who is compelled, in consequence of such discontinuance, to use a longer and more circuitous and less convenient route over a new way substituted for and provided in place of the discontinued portion. It is well settled, we think, in this Commonwealth, that under such circumstances a party cannot recover damages for the inconvenience resulting from the discontinuance. *Quincy Canal* v. *Newcomb*, 7 Met. 276. *Smith* v. *Boston*, 7 Cush. 254. *Brainard* v. *Connecticut River Railroad*, 7 Cush. 506. *Hartshorn* v. *South Reading*, 3 Allen, 501. *Willard* v. *Cambridge*, 3 Allen, 574. *Blackwell* v. *Old Colony Railroad*, 122 Mass. 1. *Davis* v. *County Commissioners*, 153 Mass. 218. *Hammond* v. *County Commissioners*, 154 Mass. 509. *Shaw* v. *Boston & Albany Railroad*, 159 Mass. 597, and cases cited. The line has to be

drawn somewhere, on practical grounds, between those who may and those who may not recover for damages caused by the discontinuance, in whole or in part, of a street or way; and it has been drawn so as to limit the right of recovery to damages which are special and peculiar, and different in kind from those suffered by the public at large. In the present case, although, owing to the proximity of her premises to the discontinued portion of the way, and to the use which she made of them, the inconvenience and damage to the petitioner were greater than to others having occasion to use the way, the difference was one of degree, and not of kind. She was obliged to travel farther than before in passing to and fro between the different portions of her farm. But every one who passed over the way was subjected to a similar inconvenience. The fact that she had no farm crossing over the railroad cannot affect the result. The absence of such a crossing obliged her to use the way more than she otherwise would have done; but it did not change the character of her user as compared with that of the public at large.

According to the terms of the report, the entry must be judgment for the petitioner for one hundred and twenty-five dollars and interest, and it is                    *So ordered.*