J. C. WOOTTERS ET AL. V. CITY OF CROCKETT.

No. 912.

1. **Injunction—Streets of a City—Alteration in—Power of City Council Over.**

Article 375 of the Revised Statutes gives the city council of a city organized under the general laws of the state exclusive control and power over the streets, alleys, public grounds and highways of the city; and to authorize an injunction restraining the council of a city in the exercise of this power, the complainant must show himself injured by the impairment or deprivation of some vested right.

2. **Same—Petition for Insufficient, When.**

A petition for injunction to restrain the city council from altering or changing the course of a certain street was insufficient which did not show that any of the

complainants were abutters upon the street which was the subject of controversy, or that any of them were deprived of ingress to, or egress from, their property.

**3.   Alteration of Street—Action for Not Maintainable, When.**

That a portion of the public is inconvenienced by an alteration in a public highway, gives no right of action to those so inconvenienced against those making the alteration, when it is made by authority of the law.

APPEAL from Houston.   Tried below before Hon. J. R. BURNETT.

*Adams & Adams*, for appellants.—1.   The city had no power to vacate and abandon the street and divert it to private uses.   Such authority must be conferred in express terms or by necessary implication, and is not implied by authority "to alter, widen, extend, regulate or otherwise improve streets," as in our statute.   Revised Statutes, art. 375;   State v. Travis County, 85 Texas, 441;   Elliott on Roads and Streets, 658, 665;   24 Am. and Eng. Encycl. Law, 120;   Hayward v. State, 15 Ohio St., 458.

2.   The petition showed that complainants were specially damaged, and were entitled to the injunction and other relief prayed for.   O'Neal v. City of Sherman, 77 Texas, 182;   Elliott on Roads and Streets, 500, 501;   2 Dillon on Mun. Corp., sec. 66, and notes.

*Nunn & Nunn*, for appellee.—1.   Injunction will not lie, nor will courts interfere with political bodies, such as municipal corporations, except in a clear case where their authority has been exceeded or a gross abuse of discretion.   Elliot on Roads and Streets, 296 et seq.; Idem, p. 35;   Story's Equity, secs. 924a, 925;   High on Extraordinary Remedies, secs. 9, 24, 25, 26.

2.   Private individuals can not bring suits against municipal corporations or other political authorities to redress wrongs to the public, or on any cause whatever, except it be to redress a private grievance in which the individual complaining is peculiarly and prejudicially affected.   Inconvenience which is common to all citizens will not avail. And where a public street in an incorporated city is the subject of controversy, only those owning property abutting on the street or depending thereon for ingress or egress can complain in the courts and be heard to contest the action of the public authorities for closing or obstructing the street.   Morrow v. Ry. Co., 81 Texas, 405;   Harrell v. Lynch, 65 Texas, 430;   Flaxwell & McKinzie v. Rice, 65 Texas, 430; Railway v. Tuller, 63 Texas, 467;   Mills on Eminent Domain, sec. 318; American Dig., arts. 404, 407, 1892;   Irving v. Dillon, 9 How., 27;   City Georgetown v. Alexander Civic Co., 12 Pet., 98;   Vandirene v. Kansas City, 17 S. W. Rep., 695;   Elliot on Roads and Streets, 13, 14 (n. 1), 33, 272 (n. 4) 290-292, 296, 500, 501.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was instituted by the plaintiffs, the appellants in this court, to enjoin the enforcement of an ordinance passed by the City Council of the City of Crockett, for altering and changing a certain street in said city.   The City of Crock-

ett contains a population numbering over one thousand, and is incorporated under the general laws of the State. The plaintiffs are all owners of real estate situate in said city, and all residents thereof, with the exceptions of four. The mayor of the city, and W. B. Page and H. C. Castleberg, residents of the city, and through whose lands the street as altered and changed by the ordinance runs, were made defendants. Before the suit was brought, plaintiffs petitioned the City Council to repeal the ordinance. The averments of the petition are as follows:

"1. That plaintiffs are all residents, citizens and taxpayers and owners of real estate in said City of Crockett, in Houston County, Texas, except T. H. Bayne and wife who now reside in Trinity County, and A. A. De Berry and wife who now reside in ———— County, Texas, but resided in the City of Crockett at the institution of this suit, and are owners of real estate in said city. That the defendants Page and Castleberg are residents of said City of Crockett.

"2. That on, to-wit, April 17, 1893, the City Council of Crockett adopted an ordinance to vacate and abandon the road or street in said City of Crockett which leads diagonally from Main Street, in front of Chas. Long's residence, along the south border of H. C. Castleberg's homestead to the bridge at the corner of D. A. Nunn's garden, a copy of which ordinance is hereto annexed, marked "Exhibit A" and made part of this petition. That said ordinance was adopted at a special session of the Council, and without notice to plaintiffs or other residents of Crockett, and was not embraced in the call for said special meeting.

"3. That plaintiffs Wootters, Mayes, Clark, LeGory, French, and Bromberg own lots and houses, occupied for business or residence purposes, on Main Street in said city, and west of said diagonal street, and complainant Cooper's homestead is situated in said city east of said street and near thereto, and his family have occupied said homestead for more than thirty years, and still occupy same. That all of complainants owned their said property long prior to the passage of said ordinance. That plaintiff Mrs. Wootters was the widow of Col. John Long, who died in said city on ———— —, 1860, and plaintiffs Joe Long, Mrs. J. Bayne, Mrs. Sallie Bayne, Mrs. De Berry and Mrs. Taylor are heirs of Col. Long.

"4. That said diagonal street was laid out by Col. Long more than fifty years ago, and about the time the town of Crockett was established, and many years before the town was incorporated, and ever since that time said street has been uninterruptedly used as a public highway. That Col. Long, who was one of the oldest residents of Crockett, at and before the time said street was laid out, owned a large portion of land in said town, including and adjoining said street, and also a farm about two miles east of Crockett to and from which he traveled over said street from his residence in Crockett. That on, to-wit, December 7, 1859, he conveyed to W. R. Matlock about nine

acres of his land in Crockett, embracing said street, and in the deed
so conveying same it was stipulated as follows: "Wm. R. Matlock
agreeing and binding himself to keep open the present road running
through said land on the northwest boundary line from this time hence-
forth as it now stands." That said deed is duly recorded in the rec-
ord of deeds of Houston County, in Book S, page 238, and the orig-
inal is in the hands of defendants who are hereby notified to produce
the same on the trial hereof or secondary evidence thereof will be
offered by plaintiffs. That the road referred to in said deed is the
diagonal road or street above mentioned and which said ordinance seeks
to close and abandon. That defendant Page now owns a portion of
said nine acres, including the portion embracing said street, under a
deed from the widow or legal representatives or heirs of said Matlock,
but said deed is not on record, the record thereof, if it ever existed,
having been destroyed by fire at the burning of the courthouse and
records of said county in November, 1882. That plaintiffs are in-
formed and believe and so charge, that said deed to Page contains
substantially the same stipulation as to the keeping open of said street
as in the said deed from Long to Matlock; that defendant Page has
the original of said deed in his possession, and he is hereby notified to
produce the same on the trial hereof or secondary evidence thereof
will be offered by the plaintiffs. That the only owners of land abut-
ting on said street are defendants Page and Castleberg and D. A.
Nunn. That the land of said Nunn abutting on said street was pur-
chased by him from said Matlock about September 13, 1860, and is
part of said nine acres conveyed by Long to Matlock. That said Castle-
berg's land abutting on said street was formerly owned by said Long,
and, at the time of the purchase of same by Castleberg and those un-
der whom he claims, said street had been laid out and in constant use
for, to-wit, twenty years or more as a public highway. That plaintiffs
are informed and believe and so charge, that all of said abutting own-
ers had actual as well as constructive notice of said stipulation in the
deed from Long to Matlock requiring said street to be kept open.

"5. That the east end of said street is situated on Public avenue
which leads from the public or courthouse square eastwardly towards
the old San Antonio and Randolph public roads, and the west end is
on Main Street, which also leads from the courthouse square and runs
parallel with public avenue, one block intervening. That about one
hundred yards east of the east end of said diagonal street the San An-
tonio and Randolph roads form a junction and lead into said Public
avenue, so that persons traveling on either of said roads and com-
ing into Crockett can come to the courthouse square through Public
avenue or by way of said diagonal street through Main Street. That
said diagonal street forms a convenient passage to Main Street, and, if
closed, as is attempted by said ordinance, the effect will be to divert
from Main Street at least a large share of the travel and traffic that
would come to the courthouse square by the way of said street. That

the principal business of the city is done by mercantile houses situated on the public square or on Public avenue and Main Street eastwardly from the square. That plaintiffs Mayes, Clark, LeGory, French and Bromberg own lots and buildings and are carrying on business as merchants therein, respectively, on Main Street, or on the south side of the public square, and they bought their property on said streets fully believing and on the faith that said diagonal street would be kept open; that if it should be closed their said property will be depreciated in value and their business will be greatly injured and impaired by reason of the diversion of trade and by reason of the great inconvenience caused to citizens living east of said street in coming to their places of business. That said San Antonio and Randolph roads are among the oldest roads in the county, and are constantly used by the residents of the county and others in bringing produce to Crockett to sell, and coming to the town for the purposes of trade. That the west end of said diagonal street is about six hundred yards eastwardly from the public square, and said street is about one hundred yards in length.

"6. That plaintiff Cooper erected his said homestead about the year 1858, and during that year or next the Methodist Episcopal Church was built in Crockett, on Main Street, about half way from the public square and the west end of said diagonal street, and said church is still at said place; that the public school house of said city is on Main Street, just east of the Methodist Episcopal Church, and the city opera house is situated at or near the beginning of Main Street, and the postoffice is situated on Main Street, between said church and opera house. That if said diagonal street is closed the effect will be to greatly inconvenience the citizens and school children living east thereof; that said street affords all said citizens and their families easy and convenient access to Main Street, and to said church, postoffice, school and opera house, as well as to business houses on Main Street and the public square.

"7. That after it became known to plaintiffs that said ordinance was passed, they, with a large number of other resident citizens and taxpayers of said city, petitioned the City Council to rescind the same, but said Council at a special meeting held on April 23, 1893, refused to rescind same, and, unless restrained, will proceed to permanently vacate and close said street. That immediately after such refusal to rescind said ordinance this suit was begun and application made for an injunction to restrain the enforcement of said ordinance.

"8. That the street proposed to be opened by said ordinance is to commence about 250 feet west of the east end of said diagonal street, and thence run north and south to Main street, through what is now and has been for more than thirty years a cultivated garden or patch; that it is proposed to entirely close and destroy said diagonal street, and all the land embraced therein is claimed by said Page, and, as plaintiffs are informed and believe, and so charge, if not prevented by law, the same will be fenced by him and used for his own purposes, thereby de-

feating the express conditions under which he holds the same. That said Castleberg owns the land immediately west of the proposed street, and plaintiffs are informed and believe that Page and Castleberg have agreed with the said Council, without other consideration than the closing of said diagonal street and diverting it to private uses, to convey to the city the fifty feet for said new street, and that said new street will have the effect of rendering their adjoining property more valuable, but will add greatly to the inconvenience of the citizens and public generally traveling on Main Street, and will specially injure plaintiffs in their property and business, as above alleged.

"9. That said ordinance proposes to alter or change said diagonal street, but in fact its purpose is to entirely vacate, abandon and destroy the same. The plaintiffs are advised and believe, and so aver, that the City Council has no legal power or right to so vacate, abandon or destroy said street. That said Page and Castleberg are co-operating with said City Council in vacating said street, and threaten to permanently vacate or permanently destroy it as a public road or passage, and, if not restrained, said City Council and Page and Castleberg will, as plaintiffs are informed and believe, and so charge, permanently vacate and destroy the same.

"10. That at the time of the establishment of said diagonal road or street by Col. Long he also owned a large number of town lots in Crockett, in the vicinity of said street and east thereof, and sold the same, and his vendees have since sold the same to plaintiffs and others upon the faith of said street being kept permanently open for the public, and that the keeping open of said street was a material inducement to the purchasers buying said property and operated to enhance its value. That plaintiffs erected permanent improvements on their property in said city, having full confidence in said road being kept open and upon the faith of the same. That in the vicinity and east of said street are a large number of residences inhabited by citizens, and that portion of the city will be injured and inconvenienced by the closing of said street, and said portion of the city is about as populous as any other portion; that if said street be closed, plaintiffs charge that their real property in said city will thereby be diminished in value to the extent of, to-wit, $10,000.

"11. That since the passage of said ordinance, and on, to-wit, April 26, 1893, the defendants have unlawfully erected a fence across the ends of said diagonal street, so as to obstruct the same, and with the intent and purpose to destroy the same as a public highway, and defendants threaten to maintain said obstruction, and said Page threatens to permanently enclose said highway and to use the ground for his own private purposes, and as his own private property, and exclusive of any rights therein as a public highway; and plaintiffs are informed and believe, and so charge, that if defendants are not restrained by injunction, they will permanently maintain said obstruction and private use,

and thereby deprive plaintiffs and all other persons of the use of the same.

"12. That if said highway is closed a large number of people, including plaintiffs, will thereby be exposed to annoyance and injury and will be greatly incommoded and inconvenienced, and will thereby be injured in the depreciation of their real property in said city situated on Main Street and the public square, to which street and square free and convenient access has been afforded for more than fifty years over said diagonal street, and plaintiffs state that the said injuries are not capable of compensation in damages in ordinary actions at law, and they fear that if said obstruction is not enjoined the said city will be involved in a multiplicity of suits and be compelled to incur large costs and expenses.

"13. That plaintiffs Wootters and wife own the farm about two miles east from Crockett, which was owned and cultivated by Col. Long at the time he laid out said street and when he executed the deed aforesaid to Matlock; that said plaintiffs acquired said farm through said Long and his heirs, and the closing of said street will greatly inconvenience them in going to and returning from said farm; that said farm has been in continuous cultivation since Long's death, and he left same to his widow and children. That the heirs of said Long, parties hereto, have never consented to the closing of said street, but have opposed and still oppose same and desire same to be kept open as a public highway, in accordance with the provisions of said deed to said Matlock, and they protest against the diversion of said street to exclusive private uses as is sought to be done by said ordinance.

"14. That defendants have been duly cited herein and have answered. That a writ of injunction has been duly issued in this cause restraining defendants from diverting said street into private property."

The exhibit which is referred to in paragraph 2 of the petition and made a part thereof, is in these words:

"Be it ordained by the City Council of the City of Crockett that the road or street leading diagonally from Main Street, in front of Chas. Long's residence, along the south border of H. C. Castleberg's homestead property, to the bridge at the northwest corner of D. A. Nunn's garden, be altered and changed, as follows: At a point about 245 feet west from D. A. Nunn's garden a fifty feet street shall be opened, running north and south, and connecting said Main Street with the one running in front of S. C. Arledge's residence, said fifty feet street to run over the property of W. B. Page and H. C. Castleberg, which fifty feet of ground is to be deeded to the corporation of the Town of Crockett for a public street by the said Page and Castleberg, and they are also to remove their fences and open said street in accordance with this ordinance, free from charge to the corporation;

and it is further ordered, that the said diagonal street or road be abandoned, and the said cross street be substituted therefor. April 17th, 1893.

"J. W. HAIL, Mayor

"J. E. Downs, Acting Secretary."

Plaintiffs concluded with prayer that the said ordinance be declared null and void, so far as it seeks to close and vacate said street; and for a judgment perpetuating the injunction previously granted, enjoining the defendants from enforcing said ordinance, and from interfering in any manner with the free and uninterrupted use by plaintiffs and all others of said diagonal street, and requiring defendants forthwith to remove all obstructions in said street. The defendants answered by special exception:

"1st.   This suit is improperly brought against the City of Crockett, because it is not subject to suit in matters complained of by private citizens, and, further,.because the aldermen composing the City Council are not made parties defendant.

"2d.   The matters and things alleged as diversion of trade and inconvenience to the general public and the school children of the community are wholly irrelevant and show no ground for these complainants making this suit, nor can this court grant such relief as prayed for in petition of private citizens because of the matters alleged.

"3d.   Petition of complainants fails to show that any one of them owns land involved in the diagonal street or abutting on the same, or that it is necessary for ingress to or egress from their property. They also fail to show that they own any land taken or in any manner affected by the opening of the new street, or by the alteration complained of.

"5th.   They do not allege that the alteration is not promotive of public convenience and for the public good, and done in a malicious, fraudulent and vexatious manner and purpose resulting in special injury to them.

"6th.   They do not allege that the alteration complained of deprives any one of an easy and free passage from the streets parallel and connected, and only say such change will inconvenience a large number; how large a number and what proportion of the community is not shown, nor are such complaining, nor do these complainants show any authority for representing such portion of the community nor to make complaints for them.

"7th.   In so far as allegations of pecuniary injury are made, they are vague, indefinite, and consist only in assertion of opinion and do not state specifically any facts showing the basis of such allegations, nor the particular injury complained of.

"8th.   The complaint is not sufficient because the matters of fact and material allegations are not sworn to, as required by law, the affidavit of petitioners avowing as follows,—'state on oath that the allegations stated in said petition are true, except the allegations

stated on information and belief, and as to such allegations we believe them to be true.'

"It is not shown what allegations of facts are made on personal knowledge of affiants and what on information, by hearsay, from others, nor is such, in so far as alleged on information of others, supported by affidavits of such other parties."

The exceptions were sustained, and plaintiffs declining to amend their petition, their suit was dismissed and they excepted to the judgment, and appealed to this court. If the petition presented a cause of action, however imperfectly stated, the judgment dismissing the suit was erroneous, and should be reversed, otherwise it must be affirmed. Article 375 of the Revised Statutes gives to the City Council of a city organized under the general laws of the State exclusive control and power over the streets, alleys, public grounds and highways of the city; and to authorize an injunction restraining the council of a city in the exercise of this power, the complainant must show himself injured by the impairment or deprivation of some vested right. Do the averments of their petition show that plaintiffs are injured by the ordinance complained of? This question, we think, must be answered in the negative. None of the plaintiffs are abutters upon the street which is the subject of controversy, and none of them, therefore, can have any property rights in the street, and none of them are deprived of ingress to, or egress from, their property, by the alteration of the street. Nor are the complainants deprived of the privilege of passing to and fro between Main Street and Public Avenue, over a public highway running across the same block on which the street ordered to be altered is situated. The ordinance directs the street to be so altered as to change the course from northeast and southwest to north and south; and by such change the intersection of this street with Public Avenue is moved to the west 250 feet, and the same distance further from the junction of the San Antonio and Randolph public roads which approach the city from the north and terminate in Public Avenue. The gist of plaintiffs' complaint is, that by this alteration of the street their property which they bought, believing, they say, that said street would remain as it then was, will be greatly depreciated, and that such of them as are doing business on Main Street will be damaged by a diversion of the traffic of the town from Main Street and the southern side of the public square to Public Avenue and the north side of the public square; while persons living east of the altered street will suffer inconvenience in coming to the Methodist Church, post office and the opera house, situated on Main Street between the public square and the western terminus of the altered street. In none of these averments can we discover any infringement by the City Council upon any right of the plaintiffs. They purchased their property with knowledge that the streets of the city were subject to change and alteration by legislative authority; and, therefore, if their property has depreciated in value and their business

has diminished, their loss is one for which the law can afford no relief. It is damnum absque injuria. That a portion of the public is inconvenienced by an alteration in a public highway, it is scarcely necessary to say, gives no right of action to those so inconvenienced against those making the alteration, when it is made by authority of the law. The convenience of the public is a matter for the discretion of the City Council, and not for the courts. Mills on Eminent Domain, sec. 318; Ex parte Towles, 48 Texas; Harrell v. Lynch, 68 Texas; 15 American and English Encycl. Law, 1046, 1047, and authorities therein cited.

The judgment is affirmed.

*Affirmed.*

Delivered November 14, 1895.

Writ of error refused.