[No. 5744.  Decided January 3, 1906.]

ADOLPH PONISCHIL *et al., Respondents,* v. HOQUIAM SASH
AND DOOR COMPANY *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS—VACATION OF STREETS—PETITION—SUF-
FICIENCY.  Under Laws 1901, p. 175, a petition for the vacation of a
portion of a street is sufficient if signed by the owners of two-thirds
of the lots abutting on the portion sought to be vacated.

CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER—VACA-
TION OF STREETS.  The vacation of streets is a legislative function
which may be delegated by the legislature to municipal corporations.

MUNICIPAL CORPORATIONS—STREETS—VACATION—POWER OF COURTS
TO REVIEW.  The vacation of streets is an exercise of a legislative or
political function that will be reviewed by the courts for collusion
or fraud only.

SAME—COLLUSION—BENEFIT TO PETITIONER.  The fact that the va-
cation of a street is for the benefit of the petitioner does not show
such fraud or abuse of discretion, as to authorize a court of equity
to interfere.

SAME—DAMAGES—TO LOT NOT ABUTTING ON PORTION VACATED—
SPECIAL INJURY—SHOWING—SUFFICIENCY.  The owner of city lots at
the entrance of a *cul de sac* formed by the vacation of a portion of a
street, is not entitled to damages for the vacation, unless special
damages are sustained different in character from that suffered by
the public at large.

SAME—DAMAGES—EVIDENCE.  The owner of property does not ap-
pear to be specially damaged by the vacation of a portion of a street,
forming a *cul de sac* in the vicinity, where the street had never been
opened for travel, the business portion of the city was in the opposite
direction, and the value of his property was not lessened.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered December 12, 1904, upon
findings in favor of the plaintiffs, after a trial on the merits
before the court without a jury, restraining the vacation of
a street.  Reversed.

*C. W. Hodgdon,* for appellants.

*Ben Sheeks* and *Will Lanning,* for respondents.

[1]Reported in 83 Pac. 316.

CROW, J.—On October 25, 1889, one A. M. Simpson and the Northwestern Lumber Company, a corporation, platted certain lands in Hoquiam, now a city of the third class, and thereby dedicated H, Fifth and Sixth streets to the use of the public. Said plat shows all of block 37 and one-half of block 36 fronting on H street, to be subdivided as follows:

Each lot on H street shown on the above diagram has a frontage of fifty feet, except lot 5 in block 37, which has a frontage of one hundred feet. Long prior to the vacation hereinafter mentioned, respondents Adolph Ponischill and Mary Ponischil, his wife, acquired title to lot 16 in block 36, which they improved and occupied as a homestead. About February 3, 1903, appellants, the Hoquiam Sash & Door Company, a corporation, J. A. Acteson, and Henry Craswell, being the owners of lots 1, 2 and 8 in block 36, and 1, 2 and 3 in block 37, petitioned the city of Hoquiam to vacate that portion of H street upon which their said lots abutted, extending from Fifth street to the easterly line of lot 3 in block 37, and lot 8 in block 36, it being thereby proposed to close

said street for a distance of one hundred and fifty feet from Fifth street. Regular proceedings were taken, which resulted in the granting of said petition and the passage of an ordinance making such vacation.

Respondents appeared at all stages of said proceedings and objected on account of damages which they claimed would necessarily result to said lot 16 in block 36. After said proceedings were completed, respondents commenced this action to enjoin the city of Hoquiam from closing said portion of said street, and also to enjoin appellants from occupying or using the same. Findings were made in favor of respondents, upon which judgment was entered, restraining said city from enforcing said ordinance until the damage to respondents' property should be agreed upon or ascertained by legal proceedings and paid; also enjoining appellants, the Hoquiam Sash & Door Company, a corporation, J. A. Acteson and Henry Craswell, from using, obstructing, or building upon said street until respondents' damages should be settled or ascertained by legal proceedings, and paid. From this judgment the Hoquiam Sash & Door Company, a corporation, J. A. Acteson and Henry Craswell have appealed.

Numerous assignments of error have been made, some of which need not be discussed. Respondents contended below, and now contend, that the ordinance of vacation is void, because the owners of a two-thirds frontage of all lots in blocks 36 and 37, abutting on said H street, did not petition therefor. The vacation proceedings were had in pursuance of chapter 84, Laws 1901, p. 175. The petition was signed by the owners of all private property actually abutting upon the portion of said street sought to be vacated, and was therefore sufficient under the requirements of § 1 of said act.

An important question arising on this appeal is whether the city of Hoquiam had authority to vacate said portion of H street without providing that respondents should first be paid such damages as their property, lot 16 in block 36, might

sustain by reason thereof. Appellants contend that respondents have sustained no damage whatever, or that, if they have, it is only of a character similar to that sustained by the public in general, differing only in degree. They further contend that only the owners of lots actually abutting upon the particular portion of the street vacated can recover damages, and then only for special injuries sustained by them, other than those sustained by the public in general; such, for instance, as damage by reason of loss of ingress to, or egress from, such abutting property. Respondents insist that, by reason of said vacation, their lots now front upon a *cul de sac,* instead of an open street, depriving them of direct access to Fifth street and points beyond; and that, by reason thereof, they have suffered special damage. They also contend that the vacation of said portion of H street is the result of collusion between appellants and said city; that said ordinance was passed for appellants' benefit only, and not for any general or public benefit; and they undertake in this action to inquire into the motives that actuated the city authorities in making such vacation.

The legislature has power to vacate streets, and may delegate such power to the municipal corporations of the state. Such delegation has been made by chapter 84, Laws 1901. Such power having been so delegated, the exercise thereof rests within the discretion of the municipal authorities, and being a political function, will not be reviewed by the courts except upon a clear showing of collusion or fraud. Respondents have pleaded collusion and fraud on the part of the city and appellants, but fail to sustain their allegations by evidence. It does, perhaps, appear that appellants will be benefited by such vacation, as they are proceeding to use the abandoned portion of H street for a large manufacturing plant. But the fact that such vacation has been made at their instigation, or that they are benefited thereby, is not sufficient to constitute such a fraud or abuse of discretion as, in the absence of any further showing, will authorize a court

of equity to interfere and declare the vacating ordinance to be void. *Knapp, Stout & Co. v. St. Louis,* 156 Mo. 343, 56 S. W. 1102. Elliott, in the second edition of his work on Roads and Streets, at § 879, says:

"Whether it is expedient to discontinue a highway is a question for legislative decision, and when the authority to discontinue is delegated to local officers, and no restrictions are placed upon its exercise, the officers are invested with a very broad discretion, and unless this discretion has been abused the courts cannot interfere. This is in accordance with the general rule that where officers are invested with discretionary power courts will not substitute their judgment for that of the officers invested by law with the right to decide upon the necessity or expediency of doing a designated act."

See, also, *Glasgow v. St. Louis,* 107 Mo. 198, 17 S. W. 743.

From the record before us we conclude, (1) that the petition for vacation was sufficient; (2) that the proceedings of the city authorities were in strict conformity to law; (3) that no fraud or collusion has been shown; and (4) that the city, having exercised its discretion in making said vacation, the courts should not interfere unless respondents are entitled to compensation for special damages sustained, and payment thereof, before said street is closed. Did respondents sustain such special damages as would entitle them to restrain the closing of said street until said damages may be ascertained and paid?

Their lot is on the corner of H and Sixth streets. They have ingress to and egress from the same, not only by the nonvacated portion of H street, but also by Sixth street. The evidence shows they have an outlet to the northwest portion of the city by going around block 36. They are not owners of property abutting on the vacated portion of H street, and even though a *cul de sac* has been formed, they are not within it, but at its entrance. There is some conflict of authority as to whether owners of lots not abutting upon that portion of a street actually vacated can recover damages. The current of authority seems to be against any such right of re-

308 PONISCHIL v. HOQUIAM SASH ETC. CO.

Opinion Per Crow, J. [41 Wash.

covery, unless special damage is shown, as distinguished from that sustained by the public in general.

"Where a municipality attempts to vacate a street, property owners not abutting thereon have no grounds for objecting to the validity or regularity of the proceedings nor the right to an injunction restraining such vacation." 27 Am. & Eng. Ency. Law (2d ed.), 114, 115, and cases cited.

In *Heller v. Atchinson etc. R. Co.*, 28 Kan. 625, Brewer, J., at page 628, said:

"Where a party owns a lot which abuts on that portion of the street vacated so that access to the lot is shut off, it is clear that the lot owner is directly injured, and may properly challenge the action. The closing up of access to the lot is the direct result of the vacating of the street, and he, by the loss of access to his lot, suffers an injury which is not common to the public; but in the case at bar, access to plaintiff's lots is in no manner interferred with. The full width of the street in front and on the side is free and undisturbed, and the only real complaint is, that by the vacating of the street away from her lots the course of travel is changed. But this is only an indirect result. There is nothing to prevent travel from coming by her lots if the travelers desire it. The way to the heart of the city by her lots is a little more remote than it was before, but still free passage is open to all who wish to pass thereby. No one is compelled to stay away. Access to the lots is the same that it was before, so that the injury is only the indirect result of the action complained of, and it is an injury which, if it exists at all, is sustained by all other lots along the street west of the parts vacated."

In *Nichols v. Richmond*, 162 Mass. 170, 38 N. E. 501, the court says:

"The line has to be drawn somewhere, on practical grounds, between those who may and those who may not recover for damages caused by the discontinuance, in whole or in part, of a street or way; and it has been drawn so as to limit the right of recovery to damages which are special and peculiar, and different in kind from those suffered by the public at large. In the present case, although, owing to the proximity of her premises to the discontinued portion of the way, and to

the use which she made of them, the inconvenience and damage to the petitioner were greater than to others having occasion to use the way, the difference was one of degree, and not of kind."

See, also, *Smith v. St. Paul etc. R. Co.*, 39 Wash. 355, 81 Pac. 840; Dillon, Munic. Corp. (4th ed.), § 666; *Paul v. Carver,* 24 Pa. St. 207, 64 Am. Dec. 649; *Smith v. Boston,* 7 Cush. 254; *Stanwood v. Malden,* 157 Mass. 17, 31 N. E. 702, 16 L. R. A. 591; *Kinnear Mfg. Co. v. Beatty,* 65 Ohio St. 264, 62 N. E. 341, 87 Am. St. 600. From the above authorities, and many others which might be cited, we conclude respondents are not entitled to recover damages for the vacation of said street, nor to enjoin such vacation, no collusion or fraud having been shown.

Appellants requested the court to find that respondents were not damaged in any sum by said vacation, and also that their property was not damaged. This request was refused, and we think such refusal was error. The evidence utterly fails to show any damage to appellants or their property. But even though it be conceded that any damage was sustained by them, it has been only of a character similar to that sustained by the public in general. The business portion of the city and respondents' place of business were towards the southeast, in an opposite direction from Fifth street. The portion of the street vacated was impassable for teams, had never been improved, had no sidewalk except two planks laid lengthwise which were rarely used. A short time prior to the passage of the ordinance, respondents had offered to sell their property for $1,000, but immediately afterwards refused $1,200. We fail to find any showing of special damage, and if any damage be conceded, it was only such damage as might have been also sustained by owners of property in other portions of the city, differing only in degree.

The trial court erred in enjoining the closing of said por-

tion of said street. The judgment is reversed, and the cause remanded, with instructions to dismiss the action.

MOUNT, C. J., DUNBAR, HADLEY, RUDKIN, and ROOT, JJ., concur.