**CITY OF TEXARKANA v. LAWSON et al.**
(No. 1318.)

(Court of Civil Appeals of Texas. Texarkana. June 4, 1914.)

EMINENT DOMAIN (§ 106*)—COMPENSATION—STREETS — VACATION — "DAMAGES" — "PROPERTY."

Where a city closed a part of a main street where it crossed a number of railroad tracks for a distance of 780 feet, diverting travel to a viaduct constructed over the tracks in another street one block west, which made complainant's lots abutting on the street closed, but not on the part closed, inconvenient of access, complainant was entitled to recover damages sustained thereby, under the rule that the ownership of a lot abutting on a street carries with it as "property" the right of free and unimpaired access thereto and egress therefrom, and whatever impairs that right or caus-

es a depreciation of the lot constitutes "damage" within the meaning of the Constitution.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 282–289; Dec. Dig. § 106.*

For other definitions, see Words and Phrases, vol. 2, pp. 1812–1820; vol. 8, pp. 7625, 7626; vol. 6, pp. 5693–5728; vol. 8, pp. 7768–7770.]

Appeal from District Court, Bowie County; W. T. Armistead, Judge.

Action by Mrs. Kate Lawson and others against the City of Texarkana, Tex. Judgment for plaintiffs, and defendant appeals. Affirmed.

Appellees were the plaintiffs in the court below. In their petition they alleged that Mrs. Lawson owned in her own separate right lots 4 and 5 in block 86, abutting on Oak street within the corporate limits of the city of Texarkana, Tex., and that said street constituted the only means of access to and from said lots to the business and principal residence portions of said city. They then alleged that appellant on November 22, 1912, "unlawfully and without the consent of plaintiffs, or either of them, and in violation of the rights of plaintiffs, closed up and abolished a large part of the said Oak street, and especially that part of the said street upon which the above-described lots abut, and that part of said street leading from said lots into the business and principal residence portion of the defendant; that on account of the closing of said street as aforesaid the said property has been greatly damaged and rendered practically useless and valueless, and its market value has been impaired and lessened in the aggregate and full sum of $1000." In a trial amendment appellees alleged that:

"The closing of that part of Oak street described in their petition herein rendered egress from and ingress to the property of the plaintiff Mrs. Kate Lawson far more difficult than it was prior to the closing of said street, and that, whereas before the closing said street access from said property to the main business and residence portions of said city was easy and direct, it is now circuitous, the way necessary to be traveled is much longer, and the said property has become, by the closing of such portion of Oak street, practically isolated, and is now at the end of a cul-de-sac, on account whereof it has been damaged in its value and market value as alleged in plaintiff's original petition."

Briefly stated, the facts shown by the testimony were as follows: The course of Oak street in the city of Texarkana, Tex., is nearly north and south. After crossing Broad, the main business street in the city, it (Oak street) extends on south across the tracks (34 or 35 in number) of the railways entering Texarkana, to a residence part of the city known as Carmichael Hill. Appellee Mrs. Lawson owned in her own separate right two city lots abutting on Oak street at a point immediately south of said tracks, on which she had constructed three tenant houses. November 22, 1912, the city, as authoriz-

ed by its charter, but without appellees' consent, closed the part of Oak street extending from a point just north of said tracks across same, a distance of 780 feet, to a point just south of same. Before it was so closed Oak street was the way used by appellees and their tenants in going from said lots to and returning thereto from the business and main residence part of the city, and by the general public in going from points south of said tracks to and returning from points north of same. The effect of closing the part of Oak street mentioned was to divert travel along same in front of the lots to a viaduct constructed over Elm street, a block west of Oak street, and to compel appellees, their tenants, and other persons who might have occasion to go to said lots from the part of the city north of said tracks, or to go from said lots to said part of the city, to travel about 500 yards farther than they had to travel before said Oak street was closed, and as a consequence thereof the market value of Mrs. Lawson's property was depreciated in the sum of $600 as found by the jury.

Rodgers & Dorough, of Texarkana, for appellant. Mahaffey, Thomas & Hughes, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellant insists that because it was authorized by law to close Oak street as it did, and because Mrs. Lawson's property did not abut on the part thereof it closed, she was not entitled to recover anything on account of a depreciation in the value of the property caused by the closing of the street. In support of its contention it cites Wootten v. City of Crockett, 11 Tex. Civ. App. 474, 33 S. W. 391, decided by a Court of Civil Appeals. But we think the case must be held to be ruled by the decision of the Supreme Court in Powell v. Ry. Co., 104 Tex. 219, 135 S. W. 1153, 46 L. R. A. (N. S.) 615, where it was said:

"The ownership of the lot abutting upon the street carried with it as property the right of free and unimpaired access thereto and egress therefrom, and whatever impaired that right and caused a depreciation of the value of the lot constituted *damage* to the lot within the meaning of the Constitution. * * * It was not necessary that the obstruction should be in front of or near to the plaintiff's property, but the test of the right to recover in this action is, What effect did that crossing and the condition in which it was have upon the value of the plaintiff's property and upon the exercise of his right of egress and ingress?"

After saying so much, the Supreme Court quoted with approval the following from Lewis on Eminent Domain, par. 354, p. 646: "If a street or public way communicating with the plaintiff's premises is obstructed elsewhere than in front of the plaintiff's property, as by a viaduct or bridge, or approach thereto, or by a railroad crossing a street in a cut or embankment, or otherwise, and the result of such obstruction is to render such property less valuable either to sell or to use, then the

property is damaged, and compensation may be recovered to the extent of the depreciation."

There can be no doubt that this case on its facts is within the rule stated. Therefore the objection urged by appellant to the judgment cannot be sustained.

The judgment is affirmed.