## DALLAS COTTON MILLS v. INDUSTRIAL CO. et al. (No. 9017.)

(Court of Civil Appeals of Texas. Dallas. May 5, 1923. Rehearing Denied June 16, 1923.)

1. Municipal corporations ⬅➡655—One not an abutting owner cannot enjoin municipality from changing course of street for public benefit.

One not an abutting owner cannot enjoin a municipal government from changing the course of a street for the public benefit, where his access to his property is not impaired; his remedy at law by action for damages being adequate.

2. Constitutional law ⬅➡280—Eminent domain ⬅➡106—Abutting owner must be compensated for street change; "taking."

An owner of a lot which abuts upon a street has such an interest in that part of the street on which it abuts that if it is closed, or if its use as a means of access is impaired, there is then a "taking" of private property for a public use, and such taking is not due process of law if it be done without compensation being ascertained and paid as prescribed by law.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Taking.]

---

**3. Eminent domain** ⊛274(1). — **Closing of street for private purposes may be restrained.**

Where property has been acquired with reference to a map or plat placed of record, the owner of the property may enjoin the original grantor or any other person from vacating or closing, for a private purpose, any street or alley shown by the map or plat, and may also enjoin the municipality from abandoning or closing a street or alley to confer a private benefit or convenience.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by the Dallas Cotton Mills against the Industrial Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Coke & Coke, of Dallas, for appellant.

Seay, Seay, Malone & Lipscomb, J. J. Collins, Allen Charlton, and Hugh S. Grady, all of Dallas, for appellees.

HAMILTON, J. The following we find to be the facts of this case:

Dallas Cotton Mills is the owner of a block of ground in the city of Dallas bounded on every side by a street upon which it abuts. It is bounded on the south by Corinth street, which extends east and west; on the east by Cockrell street, which extends north and south; on the north by Burnett street, which extends east and west; and on the west by Barcley avenue, extending north and south. All of these streets, leading in the different directions indicated, furnish outlets through connecting highways to all portions of the city of Dallas. Lamar street, which extends north and south, runs, as it is presently situated, between two lots or plats of ground north of the block of ground owned by appellant, and opens into Burnett street, which, as stated, lies adjacent to the cotton mills' ground. That portion of Lamar street lying between these two blocks of land which belongs to the Industrial Company, and which opens into Burnett street immediately opposite appellant's grounds, is unpaved and otherwise unimproved, and is practically unused for traffic.

The city of Dallas, acting through its board of commissioners, in pursuit of a scheme in behalf of the public, determined to change the course of South Lamar street by abandoning that part of it which extends between the two blocks of land immediately north of that owned by appellant above mentioned, and turning Lamar street across the eastern one of these blocks and connecting it with Cockrell street at a point near the northeast corner of the ground owned by appellant. In pursuing this plan the city of Dallas was acting altogether in its governmental capacity within its discretion in behalf of the general public.

The ownership and control of all streets in the city of Dallas are reposed in the municipality by the express terms of its charter, and it possesses the following charter powers:

"To lay out, establish, open, alter, widen, lower, raise, extend, grade, narrow, care for, pave, supervise, maintain and improve streets, alleys, sidewalks, squares, parks, public places and bridges, and to vacate and close the same, * * * and to vacate and close private ways."

In the exercise of the authority conferred by the foregoing charter provision, on December 22, 1922, an ordinance was passed by the city commissioners providing for "altering and changing South Lamar street where the same intersects Alexander street and crosses the property in blocks D 1093 and D 1096 owned by the Industrial Company, and providing for the vacating of certain streets and alleys in blocks B 1092, C 1095, D 1093 and D 1096." Before the ordinance was passed a deed was executed by the Industrial Company to the city of Dallas conveying to the latter blocks B 1092, D 1093, C 1095, and D 1096, "lying between Austin street on the west and Cockrell street on the east and Alexander street on the north and Burnett street on the south." These blocks included all the land on the two opposite sides of South Lamar street lying immediately across Burnett street from the Dallas Cotton Mills, Burnett street intervening and abutting on the north side of the Cotton Mills' ground and on the side of the tracts by this instrument conveyed to the city of Dallas. This deed recited that the alteration and change of South Lamar street in this portion of it was deemed to be of great public convenience in order to afford a continuous thoroughfare into South Dallas, and that in the judgment of the board of commissioners of the city of Dallas, it would greatly enhance the value of property in that vicinity by offering a more commodious means of public travel and access to the heart of the city of Dallas for commercial purposes. The consideration recited in the deed was $2,800 cash paid by the city of Dallas to the Industrial Company, and the vacating of South Lamar street as shown on the map as running between blocks B 1092, C 1095, D 1093, and D 1096, as well as Dexter street, a street running east and west across Lamar street between blocks B 1092 and D 1093 on its north side, and C 1095 and D 1096 on its south side. This street nowhere abuts upon the Dallas Cotton Mills property, but is north of Burnett street, which, as aforesaid, intervenes between the block of land conveyed to the city and the Dallas Cotton Mills property. The deed also recited as a part of the consideration the vacating of an alley north of and parallel to Dexter street extending through the property conveyed to the city. The ordinance above mentioned as having

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

been subsequently enacted on December 22, 1922, also provided for the vacating of all these streets.

The property through which the above-named Lamar street and Dexter street and the alley parallel to the latter extends is a part of a platted addition to the city of Dallas, known as the Blankenship & Blake Cotton Mills addition. Appellant's property is also a part of this addition. Appellant acquired its property after the addition had been platted, the plat put of record, and property sold with reference to it.

The overwhelming weight of the evidence is to the effect that the vacating of Lamar street, or the closing of it, will not deprive appellant of outlets through various thoroughfares which are as convenient and accessible for all of its uses as is Lamar street. The evidence also establishes the fact that vacating Lamar street through the property above described and turning it into Cockrell street will inflict no damage of any character upon appellant.

Appellant seeks an injunction to restrain and prevent the city of Dallas and the Industrial Company from carrying into effect the transaction between them and to prevent them from proceeding with acts pursuant to the city's purpose to abandon that portion of Lamar street involved in the controversy and from closing the street.

The appeal is bottomed primarily upon the proposition that when appellant purchased its block of ground it acquired by that purchase an easement of way in the portion of Lamar street which the city of Dallas proposes to vacate and permit to be closed, and that it may not be deprived of this easement except by due process of law, which it contends has not been pursued through the steps reflected by the foregoing statement of facts established by the evidence. The property of the Dallas Cotton Mills being so situated that it abuts on all sides on public streets which directly open into other thoroughfares leading to all parts of the city, the question of a way of necessity through Lamar street, or through any portion of the lots conveyed to the city, is not involved in the case, and no contention founded on that premise is made by appellant.

[1, 2] An owner of a lot which abuts upon a street has such an interest in that part of the street on which it abuts that if it is closed, or if its use as a means of access is impaired, there is then a taking of private property for a public use, and such taking is not due process of law if it be done without compensation being ascertained and paid as prescribed by law. However, this proposition, the soundness of which is not to be questioned, cannot be asserted in behalf of a property owner whose property does not actually abut on the street in question. It cannot be extended to portions of streets separated from the owner's property by intervening streets. In cases where it appears that the complainant's property is removed from the portion of the street sought to be closed, and there is no physical contact between the property and the street, and the closing of it does not impair the owner's access to his property, an injunction will not be granted at his instance to prevent the exercise of dominion over the streets to the extent of vacating, altering, or closing them by the public authorities under a grant of power such as exists in this case, expressly accorded by the Legislature. Kinnear Mfg. Co. v. Beatty, 65 Ohio St. 264, 62 N. E. 341, 87 Am. St. Rep. 600; Wooters v. City of Crockett, 11 Tex. Civ. App. 474, 33 S. W. 391 (writ of error denied).

[3] Where property has been acquired with reference to a map or plat placed of record, as appellant acquired its property, neither the original grantor nor any other person, for the accomplishment of his merely private purposes, can vacate or close any street or alley which the map or plat shows. Such person cannot change the original dedication and subvert the platted public highways to any use other than that indicated in the dedication with reference to which purchasers have bought. Nor can the officers of a municipal government capriciously or fraudulently vacate or close a street or turn it aside to any use different from that to which it was originally dedicated. A municipality cannot abandon or close a street or alley in order to confer a private benefit or convenience. A property owner may avail himself of relief against any such acts by injunction under the above-enumerated circumstances.

But, while this is all true, the sovereign dominion of the municipality, clothed with legislative authority to alter, vacate, or close streets, overrides, when exercised in good faith, within the bounds of sound discretion and for the benefit of the whole public, all such rights and easements as property owners may have in those portions of the streets to which the property owned by them is not attiguous. If the land is not abutting, an owner cannot enjoin either the vacating or the closing of a street. He is to be regarded merely as a fellow sufferer with the rest of the general public if he is inconvenienced. If special circumstances exist which disclose that damages peculiar to the complaining property owner are inflicted upon him, then his adequate and exclusive remedy is afforded by a suit at law, and he still will be denied a remedy by injunction.

The following authorities support the conclusions above expressed: Wooters v. City of Crockett, supra; Kinnear Mfg. Co. v. Beatty, supra; Henderson v. City of Lexington (Ky.) 111 S. W. 318, 22 L. R. A. (N. S.) 20; Lamm v. Railway Co., 45 Minn. 71, 47 N. W. 455, 10 L. R. A. 268; Nichols v. Inhabitants of Richmond, 162 Mass. 170, 38 N. E. 501.

The judgment of the court below is affirmed.

### On Motion for a Rehearing.

The principles announced in the case of Wooters v. City of Crockett, in which a writ of error was denied by our Supreme Court, we think apply to and control this case. The fact is clearly established that the city of Dallas in the instant case is not undertaking to close any portion of Lamar street to confer a private benefit, but that, on the contrary, it is acting in behalf of the public welfare. The course of the street near appellant's property merely is to be changed. This is to be done in the pursuit of a general scheme of improvement inaugurated by the city for the benefit of the public and within the authority granted the city by the Legislature.

The proposition relied upon by appellant, in effect, is that, though not an abutting owner, it has actual title in the way of appurtenance to every street and highway embraced in the original plat of a quality which denies the city of Dallas the right to change the course of any street in any portion of the original plat without first acquiring appellant's right by purchase or condemnation proceeding. A tract of land of large area in this present time of rapid growth of cities might be platted with dedicated streets and alleys and sold in small lots so as to pass the title to thousands of owners, some living at comparatively great distances from others. If appellant's proposition were accepted and applied, then, in altering the course of any one of such streets, the municipality would be confronted with condemnation proceedings against all such owners, however numerous. In such circumstances, it seems unreasonable to us that before the municipality, which had assumed the control and maintenance of all such streets, could alter the course of a single one of them, it should first be subjected to the burden of condemnation proceedings against all such owners, including those however so far removed.

Our view is expressed by the Supreme Court of Ohio in the Kinnear Mfg. Co. Case in the following language:

"We see no good reason for holding, as seems to be contended, that the rule is different as to the streets and alleys of an addition to the plat of a city; that in such case there is an implied covenant that the streets and alleys indicated on the plat are to remain open for public use, and that each owner of a lot in the addition may insist on this covenant. In our view, the streets and alleys of every addition to a city become a part of its general system of public ways, over which the city, through its council and other agents, has the same control that it has over each and every part of the system; and that the rights of lot owners in the addition to the use of the streets and alleys indicated on the recorded plat are the same, but not greater, than are the rights of any lot owner upon a street or alley."

The case of Bowers v. Machir (Tex. Civ. App.) 191 S. W. 758, insistently relied upon by appellant as controlling the instant case, in our view is not in point. These are the facts of that case:

"On May 25, 1904, J. A. Lee, who was the owner of block 8, of the Field-Welsh addition to the city of Fort Worth, subdivided and platted said block into lots, streets, and alleys, a plat of which subdivision was duly recorded in the deed records of Tarrant county. Following is a copy of said plat:

"The following is the written declaration of Lee with reference to the plat, which was filed for record as a part of the plat: 'Know all men by these presents that I, J. A. Lee, the owner of block No. 8 of the Field-Welsh addition to the city of Fort Worth, Tarrant county, Texas, do hereby adopt the foregoing plan for subdividing same, to be known as "Lee's subdivision of block No. 8 of the Field-Welsh addition" to the city of Fort Worth, Texas, and do hereby dedicate to the use of the public the streets and alleys as shown thereon, except that part of the alley

marked "Reserved" lying west of lots 1 to 8. I also reserve to myself the right to use the dirt from Lake street that is cut thereon when said street is graded. I reserve to myself the right to cross the streets and alleys or to run on said streets or alleys shown on said plat with water pipes from the well now located on lot 1.'

"Thereafter, on January 11, 1906, Lee sold to J. C. McKain lots 25 and 26 shown in the plat, said lots being described by reference to the recorded plat. On June 10, 1907, McKain and wife sold the lots to Hattie L. Manning, who, on April 7, 1909, sold the same to A. L. Bowers. In each of the two deeds last mentioned the property was described in the same manner and with reference to the same plat, and both of those deeds were duly recorded in the record of deeds of Tarrant county. On December 5, 1911, Miss Erna E. List purchased from the heirs of J. A. Lee, deceased, lot 34 shown in said plat, and in 1914 Mrs. Pearl Machir purchased lot 35 from the same heirs. During the summer of 1915, the board of commissioners of the city of Fort Worth passed the following ordinance:

" 'Be it ordained by the board of commissioners of the city of Fort Worth:

" 'Section 1. That a 20-foot alley fronting on South Lake street in block 1000, and lying between lot 34 and lot 35 in block 8 of J. A. Lee's subdivision of Field-Welsh addition to the city of Fort Worth, be and the same is hereby ordered closed and the right to the use of said alley is hereby granted and vested one-half to the owner of lot 34 and one-half to the owner of lot 35, so that the owners of said property will each control and own up to a line drawn through the center of said alley.

" 'That this ordinance shall take effect and be in force from and after its passage.'

"On July 1, 1915, soon after the passage of said ordinance, C. C. Machir, husband of Mrs. Pearl Machir, and Miss Erna E. List caused a fence to be erected across the east end of the 20-foot alley described in the city ordinance, and also put in a sidewalk and curbing across the west end of the alley, and on the east line of Lake street, and at that time Miss List was the owner of lot 34 and Mrs. Pearl Machir the owner of lot 35. Later, Miss List sold lot 34 to her mother, Mrs. Alice M. List. On June 13, 1916, A. L. Bowers, as the owner of lots 25 and 26, joined by his tenant, C. M. Harris, instituted this suit in the district court against C. C. Machir, Miss Erna List, and Mrs. Alice M. List, to require the removal of the obstructions so placed across the two ends of the 20-foot alley mentioned above and to restrain any further obstruction of the same. In connection with such permanent relief, plaintiff also prayed for a temporary writ of injunction for such relief pending the suit. On June 13, 1916, the application for the temporary writ was heard and denied by the district judge, such action on his part being predicated upon the following findings of fact, and conclusions of law:

" '(1) The passway in question was dedicated to the public on May 25, 1904, by J. A. Lee by making and recording the plat as alleged by the plaintiffs, and the same has been continuously used by the public as a passway until it was closed by defendants Machir and Erna List, about July 1, 1915.

" '(2) Plaintiffs and defendants all hold, under the said J. A. Lee as common source of title, as alleged by plaintiffs, and defendants each had notice and knowledge of the public character of the passway at the time they respectively acquired their titles to the adjacent lots.

" '(3) Defendant Erna List had sold lot 34 to her mother, Alice M. List, prior to the filing of this suit, but after same had been closed, and had delivered possession thereof to her.

" '(4) Upon a petition of defendants and others, of which plaintiffs had no notice, the city commission of the city of Fort Worth, a few days prior to said closing, enacted an ordinance closing said passway, and afterwards upon petition of plaintiffs and others refused to repeal said ordinance.' "

The alley was closed by Mrs. Machir and Miss List. The facts disclose that the interests of the public were in no way involved in the closing of the alley, and that it was closed altogether for the private benefit of the owners of adjacent property. The facts further disclose, and the Court of Civil Appeals in the opinion so viewed them, that Bowers' access to the rear of his lots under the circumstances which existed through a 10-foot alley adjacent thereto would be practically destroyed by the closing of the alley which the city of Fort Worth attempted to grant to Mrs. Machir and Miss List. The situation was such as in effect to disclose that Bowers was entitled to a way of necessity through the alley, and his position was viewed in the case as being analogous to that of an abutting property owner. The question of changing the course of a public thoroughfare by the municipality purely for the public benefit without affecting abutting property owners was not involved in the case. If the proposed change in the course of the street results in any peculiar damage to appellant, then, as stated in our original opinion, it has recourse to a suit for damages. The rights accorded to litigants in cases cited by appellant from other jurisdictions, under the facts of those cases, may be distinguished from the claims asserted in behalf of appellant. However, since the Supreme Court of this state has approved the view that one who is not an abutting owner has no right to enjoin a municipal government from changing the course of a street for the public benefit, we regard as superfluous any further consideration of cases from other jurisdictions.

The motion for a rehearing is overruled.