## STATE HIGHWAY COMMISSION et al. v. HUMPHREYS et al.

### No. 9146.

Court of Civil Appeals of Texas. San Antonio.

Feb. 22, 1933.

Rehearing Denied March 22, 1933.

Jas. V. Allred and T. S. Christopher, both of Austin, W. P. Wallace, Jr., of Del Rio, and A. R. Stout, of Austin, for appellants.

Jones & Lyles, of Del Rio, for appellees.

MURRAY, Justice.

This is an appeal from a temporary injunction issued by the district judge of Val Verde county, enjoining the state highway commission and the commissioners' court of Val Verde county from re-routing and relocating state highway No. 3, which has for many years passed through the town of Comstock. The appellees · own property adjoining the present located highway, and are engaged in business within the town of Comstock.

Appellees base their right to this injunction on two main grounds: (1) That the highway commission acted arbitrarily and abused its discretion in relocating and re-routing this highway; (2) that their property has been taken and injured without due process of law.

■■ We do not think that the highway commission abused or arbitrarily exercised their discretion in this matter. It is shown that the re-routing of this highway will eliminate a grade crossing over the railroad and some dangerous curves and turns. This is a matter addressed to the sound discretion of the highway commission, and, until it is clearly shown that they have ·acted arbitrarily and abused their discretion, the courts will not interfere. The question of fraud, accident, or mistake was not raised in this case.

■■ We cannot agree that appellees' property was taken or injured in such a way as to give them a cause of action against appellants. Appellees allege they were injured in the following manner: At the present time they are enjoying a good business as a result of the travel over the present highway;

that the traveling public are their principal customers; that, if this travel is re-routed over the proposed highway, they will lose their principal customers; and that their property will depreciate in value at least 80 per cent. It was said in Heller v. Atchison, T. & S. F. Ry. Co., 28 Kan. 625: "The benefits which come and go from the changing currents of travel are not matters in respect to which any individual has any vested right against the judgment of the public authorities." If the public authorities could never change a street or highway without paying all persons along such thoroughfares for their loss of business, the cost would be ·prohibitive. The highways primarily are for the benefit of the traveling public, and are only incidentally for the benefit of those who are engaged in business along its way. They build up their businesses knowing that new roads may be built that will largely take away the traveling public. This is a risk they must necessarily assume.

The old highway is to remain in its present condition; the only change will be that the traveling public will be given an additional route and one that will furnish them a better route, or else they would continue to use the old highway. Ex parte Sterling (Tex. Sup.) 53 S.W.(2d) 294; Gill v. City of Dallas (Tex. Civ. App.) 209 S. W. 209; Stanwood v. Malden, 157 Mass. 17, 31 N. E. 702, 16 L. R. A. 591; Wootters v. City of Crockett, 11 Tex. Civ. App. 474, 33 S. W. 391; Quisenberry v. Mitchell, 116 Tex. 378, 292 S. W. 160; Heathman v. Singletary (Tex. Com. App.) 12 S.W.(2d) 150.

Appellees complain that the highway commission, in laying out and opening the new road, failed ·to give, post, serve, or advertise any kind or character of notice of their intention so to do, and that same rendered their acts void. Appellees base this contention on the theory that formerly the commissioners' court of a county was required by articles 6703 and 6705 to give such notice, and, the Legislature having vested in the highway commission the same powers formerly exercised by the commissioners' courts of the counties, that therefore the highway commission should be required to give the same character of notice, and that failure to give such notice would be a jurisdictional matter rendering the acts of the commission void.

■ Unquestionably the highway commission now has the powers with reference to state highways that were formerly exercised by the commissioners' court. Vernon's Ann. Civ. St. arts. 6673 and 6674n; Hall v. Wilbarger County (Tex. Cr. App.) 37 S.W.(2d) 1041, 1044; Nairn v. Bean (Tex. Com. App.) 48 S.W. (2d) 584.

■ We ·cannot agree that the highway commission is bound by the provisions of articles

6703 and 6705, which apply to commissioners' courts, when laying out new roads or discontinuing, altering, or changing the course of established roads. The case of Hall v. Wilbarger County, supra, seems to favor appellees' contention, but we notice this suit was filed on February 22, 1930. Article 6674n did not become effective until ninety days after March 20, 1930. We feel that, since the enactment of article 6674n, the commission is not bound by any of the provisions of articles 6703 and 6705.

Furthermore, there is no question in this case of eminent domain or condemnation proceedings. The persons across whose land this new highway runs are not complaining in this case. The properties of appellees are some distance from the new highway.

We do not feel that appellees have shown themselves to be entitled to a temporary injunction in this case.

The order appealed from is reversed, and the temporary injunction is hereby dissolved.

### On Motion for Rehearing.

In their motion for a rehearing appellees contend that the admission on the part of the highway commission, to the effect that the reason for selecting the new location of the highway in question was that the Federal Bureau of Roads would not approve any other location, was sufficient to establish the fact that the highway commission had delegated its power to locate state highways to the Federal Bureau of Roads.

We do not agree with this contention. The highway commission properly exercised its discretion when it selected a location on which the Federal Bureau of Roads was willing to extend federal aid. Singeltary v. Heathman (Tex. Civ. App.) 300 S. W. 242, affirmed by the Commission of Appeals in 12 S.W.(2d) 150.

The motion for a rehearing is overruled.