THE INHABITANTS OF MOUNT OLIVE TOWNSHIP, MORRIS
COUNTY, v. HOLLOWAY W. HUNT ET AL.

1. A return by surveyors of the highways laying out a road, which does not contain reference to the cross lines of lands of different owners, nor the names of the devisees or heirs of a deceased former owner, and a particular assessment to each, is defective, and will be remitted to the court which appointed the surveyors for amendment.

2. Where defects in the return are obvious, objection should be first made in the court where the return is made, and an opportunity to amend there given; if not done, costs will be refused in this court.

On *certiorari* to set aside the return of surveyors of the highways laying out a public road in Mount Olive township.

Argued at November Term, 1888, before Justices SCUDDER and REED.

For the prosecutors, *Alfred Mills.*

For the defendants, *Holloway W. Hunt.*

The opinion of the court was delivered by

SCUDDER, J. There are defects in this return which are quite conspicuous, and must be corrected before the road can be laid according to the statute. The act requires, in defining the duties of the surveyors of the highways (section 5), that, among other things, when they determine to lay out the road they shall make return thereof, with a map or draught of the same, with the courses and distances and reference to the most remarkable places and the improvements through which it may pass. In this case we find a return, and with it a map of the road, with the courses and distances given in the return and on the map, but in neither is there proper reference to the most remarkable places or the improvements through which it passes, as these terms have been defined in cases decided in this court. They are intended to be monuments and guides, both in laying the road and in maintaining it in its true course, and aids in the estimation of damages to the land owners. They require, at least, that the division lines between the lands of the several owners crossing the route of the road shall appear; and it is desirable, also, though it is not essential, that any fixed or notable monument on or near the line of the road should be shown on the map, to definitely mark its location. These cross lines do not appear on the map with the names of the several owners of the land, nor are they supplied by the description in the return. In the latter only the courses and distances are given between the beginning and ending

points, followed by these words : "The said road running one chain and sixty-six links on Nancy M. Sharp; on David Dilly, fifty-eight chains and ten links ; on the heirs or devisees of Jonathan Elle and David H. Wolfe, fifty-five chains and eighty-six links." By looking at the subsequent assessment of damages made in the return we are able to understand that the heirs or devisees of Jonathan Elle, deceased, are owners of land, and David H. Wolfe is also an owner, for they have distinct assessments of $250 for damages to their lands. As the amount given to each is equal, and a single length of the course is named through their lands, we may infer that they are joint owners or tenants in common of the lands. But when we come to the assessment of damages to the owners of the land, we find this objection to be a substantial defect in the return.

By the fourteenth section of the statute, the surveyors are required to return their assessment of damages, particularly specifying the amount assessed in favor of the respective owners, which said assessment shall be evidence of the several amounts to which the owner or owners of said land shall be entitled. The words "heirs or devisees" are not a sufficiently distinct description of the owners of the land, either in describing the land or in making the assessment. The latter should certainly give a more particular description of each owner, and the several amounts assessed to him. *Inhabitants of Oxford* v. *Brands*, 16 *Vroom* 332, and cases there cited, are decisions on this point.

These omissions and defects are amendable by statute (sections 98, 124) in the court which appointed the surveyors. For that purpose the return and map will be remitted to the Court of Common Pleas of Morris county, that the errors may be amended.

In this case, as the defects in the return were obvious, application should have been made in the first instance to the Court of Common Pleas, which has full power to direct the amendments. In *Field* v. *Field*, 9 *Vroom* 290, this course

was pursued. If that court had acted, or refused to act, the prosecutors still had their remedy in this court.

As they have not made this effort before coming here, we think they are not entitled to costs in this court.