[No. 16002.   Department Two.—December 14, 1895.]

# WESTERN GRANITE AND MARBLE COMPANY, RESPONDENT, *v.* M. F. SOUC, APPELLANT.

AGENCY—AUTHORITY OF AGENT—CONTRACT FOR GRANITE COPING—CHANGE OF SPECIFICATIONS.—Where an agent was authorized to have a granite coping constructed around a cemetery lot of the principal, of the same quality of material as that of the coping around another lot, and the work was done like the other coping, and of the same quality of material, and the principal expressed satisfaction with it before it was completed, it is immaterial that the agent named a different kind of granite in the plans and specifications for the coping, and afterward assented to the change of the contract to the same kind of rock as that used in the other coping.

APPEAL from a judgment of the Superior Court of Santa Clara County.   JOHN REYNOLDS, Judge.

The facts are stated in the opinion of the court.

*Bull & Cleary,* and *A. W. Crandall,* for Appellant.

*D. W. Burchard,* for Respondent.

McFARLAND, J.—This is an action to recover four hundred and seventy dollars, the alleged price agreed to be paid by defendant to plaintiff for the construction by the latter of a granite coping around the burial lot of the former.   The jury rendered a verdict in favor

of plaintiff for said amount of money, for which judgment was entered.  Defendant appeals.

We do not think it necessary to notice separately the various rulings and instructions of the court, for the errors assigned all turn upon one proposition of appellant which cannot be maintained; namely, that the scope of the agency of the appellant's agent, Lenzen, extended only to the drawing of the plans and specifications for the coping, making a contract in accordance therewith, and seeing that such contract was complied with.   The evidence shows that there was coping in the cemetery around a lot of one Cooney which pleased the appellant, and that she authorized Lenzen to have one constructed around her lot similar to and of the same quality of material as the Cooney coping.   In order to get bids for the work Lenzen prepared a " sketch" of some "kind of specifications" upon which the contractors bid.   The respondent was the lowest bidder for four hundred and seventy dollars, of which bid appellant was informed, and with which she was satisfied.   That was in May, and she said that she was not in a hurry to have the work done, but two or three months afterward she told him to have the work done, saying to him, "You go on and do as you would for yourself." The work was done, and the coping was like the Cooney coping, and of the same quality of material, and she saw it just before it was completed and expressed herself satisfied.   Her subsequent refusal to pay for it seems to have been the result of a suggestion of a discharged employee of respondent; and the only objection then made to the sufficiency of the work that needs notice was that the rock used was not what is called " Penryn" granite.   When Lenzen drew up his sketch of specifications for the convenience of bidders he erroneously supposed that Penryn granite had been used in the Cooney coping, and he therefore put Penryn into that sketch.   The contract with the respondent was a verbal contract, by which respondent was to " duplicate the Cooney job."   The Cooney coping was made of rock

called "Loomis" granite, and respondent informed Lenzen that he would use the Loomis rock, and Lenzen agreed to it. The evidence shows that there is no special difference between the Penryn and the Loomis granite, both being on the same ledge. Moreover, the appellant, as her own witness testifies, was told that the stone used in her coping was not Penryn before it was set up. At all events, even assuming that the sketch of specifications and the bid thereon was a contract, and that the use of the rock called Loomis was not a compliance with it, we are satisfied, from the evidence, that Lenzen had full authority from appellant to make or change any contract, provided he kept in view the construction of a coping similiar to and of the same quality of material as the said Cooney coping.

The judgment and order denying a motion for a new trial are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.