*34 Vroom.* Freeman v. Price.

THE STATE, HENRY B. FREEMAN, PROSECUTOR, v. JOHN C. PRICE ET AL.

```
63  151
65  505
---  ---
63  151
66  113
```

Submitted December 5, 1898—Decided February 27, 1899.

1. Where the return of surveyors of the highways laying out a public road is entirely at variance with the road applied for, it will be set aside.

2. Boroughs have the exclusive power to lay out, regulate, &c., streets and highways within their respective districts, and any proceedings under the General Road act in the way of laying out public roads within such municipalities are invalid.

On *certiorari.* In the matter of laying out a public road in Ocean county.

Before Justices LUDLOW and COLLINS.

For the prosecutor, *Isaac W. Carmichael.*

For the defendants, *Franklin B. Levis.*

The opinion of the court was delivered by

LUDLOW, J. Supplemental to the return to the writ in this case there is an agreed state of facts signed by counsel of the respective parties, which, taken together, make up the case for consideration.

The writ is brought to vacate and set aside proceedings of the Court of Common Pleas of Ocean county, and the return of surveyors of the highways appointed by said court, in the laying out of a public road in that county.

It is clear from an inspection of the proceedings brought here by the writ, and the reading of the agreed facts, that errors and irregularities objected to in the reasons assigned and filed by the prosecutor which are undisputed and unexplained, call for the setting aside of the entire proceedings brought here for review.

It is enough for our purpose to refer to the following: The application was for the laying out of a public road in Ocean county, beginning at a designated point on the northeasterly line of Long Beach, and from thence running, in a southwesterly direction, through five severally-named townships, a distance of about twenty miles, to a certain point on the southwesterly end of Long Beach, at the intersection of the centre line of Surf avenue and Seneca avenue, as shown on map of Sea Haven.

The appointment of surveyors of the highways by the court was for the laying of the said road as applied for, and in their return no such road was laid by them.

They returned a continuous road, laid from the said beginning point fixed in the application for several miles by courses and lines numbered from 1 to 93, ending at the centre line of Sixteenth street, of North Beach Haven Land Association. From that point there was a break in the line for three miles where, by the return, they did not lay any road. Their return shows that from the end of the break of three miles, starting again, they laid a road by courses and lines numbered 94, 95 and 96, to a stake quite indefinitely located, and there to end, which ending point, however, it is conceded, is about four miles short of the ending point designated in the said application. The return states that no road was laid over this intervening space because it could not be maintained by reason of the near approach of the ocean.

This return is, in fact, of two separate, unconnected roads, and without any sort of relation to each other.

The return is so entirely at variance with the road applied for that it cannot be sustained.

It is also admitted in the agreed facts that the said road in the return from course 12 to the end of course 27, about ten thousand feet, is laid within and through the corporate limits of the duly-incorporated borough of Harvey Cedars, and from the thirty-seventh course to the end of the forty-first course, about seven thousand feet, is laid within the corporate limits of another duly-incorporated borough, Long Beach

City. As boroughs of this state have the exclusive power to lay out, regulate, &c., streets and highways within their respective corporate limits, any proceedings under the General Road act of this state in the way of laying out public roads within the limits of such municipalities are invalid. *In re Public Road,* 25 *Vroom* 539.

The order appointing surveyors of the highways in this matter is vacated and the return of said surveyors is set aside, with costs.