HENRY V. CONDICT, PROSECUTOR, v. JOHN RAMSEY ET AL.

Submitted July 5, 1900—Decided November 12, 1900.

1. If all the chosen freeholders appointed under the Road act to review the action of surveyors of the highways in laying out or vacating roads are afforded an opportunity to act, a majority may proceed in the absence of the others.
2. Upon an application under the Road act to vacate a public road between certain points named, it is not lawful to vacate a part only of such road.

Upon an application under the Road act (*Gen. Stat., p.* 2803) for the vacation of a public road connecting two other public roads in the township of Franklin, in the county of Bergen, the Court of Common Pleas of that county made the statutory appointment of six of the surveyors of highways, and they made a return vacating a part only of such road. The part they attempted to vacate runs south from the north line of the land of John Ramsey to the Oakland and Pompton

road, and, besides the land of Mr. Ramsey, crosses the lands of Henry V. Condict and of other owners. The part they left unvacated runs north and east to the Pond Church and Ramapo road. The owners of the land next north of Mr. Ramsey entered a caveat against the recording of the return, and, on their application, the court, in pursuance of the statute, appointed six chosen freeholders to review the action of the surveyors and fixed the time and place of their meeting. The order of appointment was served on the freeholders and the meeting was duly advertised. At the time fixed for the meeting one of the freeholders was ill and did not attend. The others qualified and proceeded with their duties. The absentee afterwards died, without in any way participating in the proceeding, and the survivors made the certificate called for by the order of appointment. They certified that the vacation returned was necessary and confirmed the action of the surveyors. Thereupon the court ordered the return to be recorded. Mr. Condict, as prosecutor, has removed these proceedings by the present *certiorari.* The above statement will suffice to present such of the questions raised as this court has thought worthy of consideration.

Before Justices DIXON, GARRISON and COLLINS.

For the prosecutor, *Charles J. Roe.*

For the defendants, *Jacob W. De Yoe.*

The opinion of the court was delivered by

COLLINS, J. The defendants challenge the prosecutor's right to a writ. They urge that as there can be no assessment of benefits against him he is not injuriously affected by the attempted vacation. The test of the right to be heard in a case of this kind is special interest, not injury; but the present prosecutor has both interest and injury. If the proceedings should stand, his land would be wholly deprived of the highway, while as a taxpayer he would be forced to help maintain

it in part. His standing for a writ is undeniable. Of the objections presented by him two only need be considered.

*First.* It is objected that it was not legal for five freeholders to make the certificate that six were appointed to make. The law requires the appointment of six, but provides that a majority may certify. Undoubtedly the surveyors or reviewing freeholders must all be given an opportunity to act, but if a minority, for any reason, do not attend the meeting or take part in the deliberation, the others may proceed in their absence. *State* v. *Van Geison,* 3 *Gr.* 339; *Field* v. *Field,* 9 *Vroom* 290, 296; *Stokes* v. *Parker,* 24 *Id.* 183.

*Second.* It is objected that it was not lawful for the surveyors to return or for the freeholders to confirm a vacation less extensive than that applied for. This objection must prevail. Vacation rests on the same power and procedure as the laying out of roads, and it has been often adjudged by this court that the application is controlling in this regard. A material variance from the application will vitiate the return. *State* v. *French,* 4 *Zab.* 736; *Powell* v. *Hitchner,* 3 *Vroom* 211; *Freeman* v. *Price,* 34 *Id.* 151. The surveyors can no more vacate part of the road of which complete vacation is sought than they can lay out a road differing materially from the application upon which they act. The application to vacate may be limited to a part of a road (*Newell* v. *Bassett,* 4 *Id.* 26), but the vacation cannot lawfully be less extensive than the application. One phrase in the statute would seem to imply that the reviewing freeholders may approve a part only of the road to be laid or vacated, but it is settled that the surveyors have no such discretion.

The defendants rely on the injunction of the statute that the "certificate of the freeholders shall be binding and conclusive in all cases, and shall not be subject to an appeal or *certiorari,* or to be set aside for lack of form," but it was long ago adjudged that defects of substance are not thereby shielded, and although the proceedings of the freeholders may not be directly reached by *certiorari,* such is not the case as to the order of the Court of Common Pleas based upon them.

*State* v. *Conover,* 2 *Halst.* 203 ; *State* v. *Vandervere,* 1 *Dutcher* 233.

Where the point of attack is the .return of the surveyors, the writ is not in any way hampered. True, the statute enacts that the return shall not be set aside for illegality, but that means for formal defects only. Substantial illegality will avoid it. *State* v. *Conover, ubi supra; State, Atkinson, pros.,* v. *Bishop,* 10 *Vroom* 226, 231.

The return may be set aside under *certiorari* bringing up the final order, although no motion to set it aside has been made in the pleas, and notwithstanding a certificate of chosen freeholders appointed on application under caveat to review it. *State* v. *Vandervere, ubi supra; Powell* v. *Hitchner,* 3 *Vroom* 211, 215; *Walker* v. *Winkler,* 31 *Id.* 105. The certificate of the freeholders cannot legalize an invalid return of the surveyors.

The order to record the return in this case cannot stand, and, with the return itself and all subsequent proceedings, will be set aside; but inasmuch as the prosecutor made no motion for this relief in the Court of Common Pleas, we will, on the authority of the case of *Mount Olive* v. *Hunt,* 22 *Vroom* 274, deny him costs in this court.