[No. 7841. *En Banc.* October 5, 1909.]

THOMAS F. BRAZELL *et al., Appellants,* v. THE CITY OF SEATTLE *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS — STREETS — VACATION — HEARING—CONTINUANCE. A city council having obtained jurisdiction, by petition and notice, to vacate a street, jurisdiction is not lost by postponing the hearing without entering a continuance to a day certain or giving notice of the time.

SAME—POWER TO VACATE—PROCEDURE. City councils have no power to vacate streets except as delegated by the legislature, and the procedure therefor must be strictly followed.

SAME—REPLATS—POWER TO MODIFY — STATUTES — CONSTRUCTION. Under Laws 1903, p. 139, authorizing street vacations and replats,

[1]Reported in 104 Pac. 155.

upon the filing of a replat, "accompanied with a petition for the change desired" by three-fourths of the owners, which the council may approve or reject, and "assess damages or benefits, award the same and make such order in the premises as justice and the public welfare may require," the council has no power to modify the proposed replat, but must approve or reject it in its entirety, and an order approving part of the vacation petitioned for is void.

SAME—REPLATS—POWER TO MODIFY—STATUTES. Laws 1903, p. 139, requiring a proposed replat for street vacations to be filed showing the changes petitioned for by three-fourths of the owners, and giving the city council complete jurisdiction to inquire into and determine the merits, assess damages or benefits, award the same, and make orders required by justice and the public welfare, the city council can only approve or reject the petition in its entirety, and an order altering the proposed replat is void; the orders required by justice, etc., referring to the necessary assessments and awards, and not to modifications of the replat.

EMINENT DOMAIN—USE OF STREETS—RIGHT OF ABUTTERS—COMPENSATION. An abutting owner cannot be deprived of his right to the use of the full width of the street without just compensation.

SAME—RIGHTS OF ABUTTERS—INJUNCTION—SPECIAL INJURY. An abutting owner deprived of his right to the use of the full width of the street immediately in front of his lot, by a void order vacating a portion of the street, is specially injured and may maintain an action to enjoin the. proceeding, but only so far as it affects his property.

SAME — IMPROVEMENTS — ASSESSMENTS—REMEDY BY APPEAL—INJUNCTION. Where a city council had jurisdiction to approve or reject a petition for a replat, and to assess damages or benefits, the remedy for illegal assessments upon a void order modifying the replat is by the appeal provided by the city charter, and not by injunction.

Appeal from a judgment of the superior court for King county, Morris, J., entered December 23, 1908, upon sustaining a demurrer to the complaint, dismissing an action to enjoin the vacation and improvement of certain streets. Reversed.

*Wright & Kelleher* and *Wright & Kent,* for appellants.

*Scott Calhoun, Howard A. Hanson,* and *Oliver C. McGilvra,* for respondents.

CROW, J.—This action was commenced by Thomas F. Brazell and Laura J. Brazell, his wife, against the city of Seattle, D. Lambert, and A. C. Goerig, to annul, declare invalid, and enjoin certain proceedings taken and threatened by the city for the vacation of certain streets, the platting of other streets in lieu thereof, and the grading and improving of streets shown by the replat. The defendants interposed general and special demurrers, which were sustained upon the sole ground that the amended complaint did not state a cause of action. The plaintiffs declined to plead further; whereupon the action was dismissed, and they have appealed.

The question presented by this appeal is the sufficiency of the amended complaint. Its allegations in substance are, that the appellants and the respondent Lambert are respectively owners of certain lots in the city of Seattle abutting upon opposite sides of East Aloha street, which runs east and west between Thirty-ninth avenue north and Fortieth avenue north, appellants being located on the north side of East Aloha street; that in August, 1903, the appellants, Lambert, and many others owning lots in the same locality, conceived a scheme for vacating numerous streets and alleys therein, and dedicating others in lieu thereof; that in furtherance thereof they prepared a proposed replat of the locality, including the portion of East Aloha street above mentioned, together with a petition to the city council in favor of the replat, which petition, at the instance of the respondent Lambert, and others associated with him, was signed by the appellants and by three-fourths in number and area of the owners of all the property lying within the district; that the petition was filed with the city, and notice given that the same would be heard on October 19, 1903; that the hearing was adjourned until November 30, 1903, on which latter date no adjournment was made; that on December 7, 1903, the council again considered the petition and made a further adjournment until February 14, 1904, on which latter date it, without notice, adopted the report of its street committee in favor

of granting the prayer of the petition; that no further action
was taken until May 14, 1906, when the city council, without
further notice, passed Ordinance No. 13,773, which purported
to carry out the terms of the petition and adopted the replat,
subject to the change that instead of vacating all of East
Aloha street between the property of the appellants and the
respondent Lambert as prayed, it vacated the south half
thereof which abutted upon the property of Lambert, thus
leaving the street open upon appellants' side, but closing it
upon the opposite side; that the change was fraudulently
procured by Lambert for the purpose of injuring appellants
and benefiting himself, as he would thereby acquire title to
the vacated portion of the street and still retain for his con-
venience an open street on the opposite side adjoining the ap-
pellants' lots; that the respondent Lambert, claiming title to
the vacated portion of East Aloha street, is about to take
possession thereof to appellants' special injury and damage;
that appellants had no knowledge of the proposed passage
of the ordinance adopting the replat, or the variance of its
terms from the replat proposed by the petition, until No-
vember, 1906; that the ordinance, in addition to providing
for the vacation of certain streets, also provided for the dedi-
cation of others in lieu thereof in the district and locality
affected by the street vacations; that in June, 1908, the city
council passed Ordinance No. 18,665, providing for the im-
provement of the replatted system of streets, and providing
that the vacated portion of East Aloha street, adjacent to
the premises of respondent Lambert, be not graded; that
pursuant to such ordinance, the city and the respondent
Goerig, as contractor, are about to regrade and improve the
replatted streets, including the nonvacated portion of East
Aloha street; that the city is about to assess the real property
in the district in question, including appellants' property, to
pay the expenses of such improvements; that the pretended
Ordinance No. 13,773, and the contract of the city with Goe-
rig, are each null and void; that the assessments will be null

and void and a cloud upon appellants' title; that by reason of such illegal vacation, replat, improvement, and threatened assessment the appellants will suffer irreparable damages, unless the same are enjoined; and that appellants' injury will be special and peculiar to them. An injunction was demanded, permanently restraining the respondents from proceeding with the improvements under Ordinance 18,665, from levying any assessments therefor, from treating East Aloha street as vacated, and particularly restraining the respondent Lambert from taking possession of any portion of East Aloha street or claiming the same as his private property.

The appellant contends (1) that the city council, after a petition for vacation is filed, cannot act upon the same without notice and independently of the date fixed for the hearing; (2) that it cannot vacate streets otherwise than in accordance with the terms of the petition; and (3) that in any event its action can be enjoined as fraudulent. The respondents contend that three questions are involved in this appeal, as follows: (1) Have appellants such an interest in the replat proceedings that they can in a collateral attack secure the annulment of the entire proceedings except as to the portion of East Aloha street abutting upon their property? (2) can appellants in this proceeding annul the vacation of any portion of East Aloha street vacated under Ordinance 13,773? and (3) will an injunction lie to restrain the city from improving the public portion of East Aloha street and assessing the cost of such improvement against private property specially benefited thereby.

The amended complaint affirmatively shows that proper notice fixing a time for the hearing of the petition was given; that several continuances were entered, but that on one occasion no continuance was entered although the council considered the petition at its next meeting without further service. The council obtained jurisdiction of the petition by virtue of the original notice, but the appellants now contend that, having once failed to order any continuance, it lost jurisdiction

so completely as to render its subsequent orders void. This contention cannot be sustained. Mr. Elliott, in § 293 of the second edition of his work on Roads and Streets, discussing this question, says:

"The sound doctrine upon this subject, as it seems to us, is this: If the parties are once properly in court then the failure to take action at the proper time will not oust the jurisdiction, although it may constitute error reviewable by *certiorari* or on appeal. This is in harmony with the general principle that where jurisdiction has once attached it is not lost by an error committed in the course of the proceedings. The general rule unquestionably is that when jurisdiction is acquired, the order or judgment is not void, although it may be erroneous."

Power to vacate streets and highways is vested in the legislature, and may be delegated by it to municipalities, which has been done in this state. There is in a city council no inherent power to vacate streets, and when such power has been delegated to it by the legislature the procedure therefor which the statute provides must be strictly followed. The procedure here adopted was that prescribed by chapter 92, Laws 1903, page 139, the first section of which provides for the preparation of the proposed replat, together with a specified petition for its adoption by the city council. Sections 2 and 3 provide for notice or process and its service. Section 4 reads as follows:

"That thereafter such board of county commissioners, or city council shall have full and complete jurisdiction to inquire into and determine the merits of the changes or relief prayed for, assess damages or benefits, award the same and make such order in the premises as justice and the public welfare may require."

From a careful consideration of this statute, we conclude that the petition and notice only conferred upon city councils authority to approve and adopt or disapprove and reject the identical plat presented. By §1 it is required that the proposed replat be drafted upon a copy of the existing plat,

which must be "accompanied with a petition for the change
desired;" that is, for the change indicated on the replat and
desired by the petitioners; not for some other changes which
the council may desire. If the proposed plat and petition
do not meet the approval of the city council, they are at
liberty to reject them entirely, in which event the original
plat will continue without modification.

In *State, Condict. v. Ramsey*, 65 N. J. L. 503, 47 Atl. 423,.
the supreme court of New Jersey said:

"It is objected that it was not lawful for the surveyors to
return, or for the freeholders to confirm, a vacation less ex-
tensive than that applied for. This objection must prevail.
Vacation rests on the same power and procedure as the laying
out of roads, and it has been often adjudged by this court
that the application is controlling in this regard. A material
variance from the application will vitiate the return. *State
v. French*, 24 N. J. Law 736; *Powell v. Hitchner*, 32 N. J.
Law 211; *Freeman v. Price*, 63 N. J. Law 151, 43 Atl. 432.
The surveyors can no more vacate part of the road of which.
complete vacation is sought than they can lay out a road
differing materially from the application upon which they
act. The application to vacate may be limited to a part of
a road (*State v. Bassett*, 33 N. J. Law 26), but the vacation
cannot lawfully be less extensive than the application."

We think this the correct rule to be applied to the instant
case. If the council when acting upon the petition could, up-
on their own initiative, change the vacation of one street on
the proposed replat, there would be no limitation upon their
power to change many others, which might result in the prep--
aration and adoption of a replat other than the one peti--
tioned for. While we will not inquire into the motives which
actuated the appellants when they signed the petition, it may
well be imagined that they might have been willing to endure
the inconvenience of submitting to the entire vacation of
East Aloha street, opposite their lots, in exchange for the
benefit to be derived by them from the title which they would
acquire to the north half of the portion of the street so va-
cated, and which they might have regarded as ample com--

pensation for their damages sustained.  They have recovered no compensation for any damages they have sustained by the vacation of the south half, and the narrowing of the street immediately in front of their lots.

Respondents, citing §4 of the statute, contend that the petition and the notice conferred complete jurisdiction upon the council to make such order in the premises as justice and the public welfare may require, and that they were authorized, in pursuance of such authority, to vacate a less portion of the street than the petition requested.  To confer jurisdiction upon the council, the petition of three-fourths in number and area of the owners was required.  The proposed replat may take or damage property not only of the petitioners, but also of others in the district who have not petitioned, and their property could not be so taken or damaged without compensation.  Const. art. 1, § 16.  The legislature to meet this condition, by §4 authorized the assessment of damages and benefits, and the words "make such order in the premises as justice and the public welfare may require," used in §4, undoubtedly refer to such necessary assessment of damages and benefits, and were not intended to confer authority upon the city council to first modify the proposed replat and then adopt it as modified.  Our conclusion therefore is that the city council had no jurisdiction to make an order vacating a portion only of East Aloha street, where its entire vacation was petitioned, and that its order making such partial vacation is void.

The appellants, as the owners of lots abutting on the portion of East Aloha street partially vacated and narrowed, suffered special injury and damages, different in kind and not simply in degree, from that suffered by the public in general, and are entitled to maintain this action to enjoin such vacation.  The right of the owner of a city lot to use the adjoining street to its full width is well established, unquestioned, and one of which he cannot be deprived without just compensation.  It is as much a property right as the

lot itself. In *Dantzer v. Indianapolis Union R. Co.,* 141
Ind. 604, 39 N. E. 223, 50 Am. St. 343, 34 L. R. A. 769,
the supreme court of Indiana, quoting from its previous de-
cisions and commenting thereon, says:

"At least two cases in this state have defined the extent of
that appendant property right of access. In *Haynes v.
Thomas,* 7 Ind. 38, it is said: 'These decisions establish the
principle that besides the right of way which the public has
of passage over a street in a town or city, there is a pri-
vate right which passes to the purchaser of a lot upon the
street, and as appurtenant to it, which he holds by im-
plied covenant that the street *in front of his lot* shall for-
ever be kept open to its full width.' In the case of *Tate v.
Ohio & R. R. Co.,* 7 Ind. 479, the court quotes the above pas-
sage from the case of *Haynes v. Thomas supra,* and says,
in application of the principle to the facts of the case, that
'the person, whether natural or artificial, causing the ob-
struction, is liable to the owners of the adjoining lots for the
injury. It is thus carefully limited to those owning lots
*fronting on the street* at the point of obstruction. That is
the case made in the record. *Such owners only seem to sus-
tain special injury.*' These cases, and probably others in
this state, hold that this property right cannot be taken or
obstructed, even with legislative sanction."

Abutting owners who are deprived of the right to enjoy
the street to its full width immediately in front of their prop-
erty, being specially injured, are entitled to equitable relief
by injunction. The ordinary and well-established rule that
owners who are only remotely affected or who sustain no
special injury different from that sustained by others in the
vicinity, are not entitled to equitable relief, does not apply
to them, nor does it deprive them of their right to seek pro-
tection in their individual capacity.

There are no allegations in the amended complaint suffi-
cient to show that as to any other streets vacated or changed
by the replat, the appellants are injured in any manner
other than as the public in general may be injured. This
being true, they are in no position to enjoin such vacation
in this action. *Ponischil v. Hoquiam Sash & Door Co.,* 41

Wash. 303, 83 Pac. 316; *Symons v. San Francisco*, 115 Cal. 555, 42 Pac. 913, 47 Pac. 453.

As to the threatened assessments, the appellants should seek their remedy by the usual course of appeal provided by the city charter and the statutes of the state. The amended complaint states a cause of action sufficient to entitle the appellants to an order of injunction restraining the partial vacation and narrowing of East Aloha street in front of their property.

The judgment is reversed, and the cause remanded with instructions to overrule the demurrer.

RUDKIN, C. J., DUNBAR, MOUNT, and GOSE, JJ., concur.