[No. 15582-2-I.   Division One.   February 2, 1987.]

THEODORE N. THAYER, ET AL, *Appellants*, v. KING
COUNTY, ET AL, *Respondents*.

*Jack Alexander Borland* and *Ferrell, Wade & Borland,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *James L. Brewer, Deputy,* for respondent King County.

*William Williams,* for respondents Knowles.

*Laurence Mosler,* for respondents Mac–Rent, et al.

*Richard C. Reed* and *Reed, McClure, Moceri, Thonn & Moriarty,* for respondent King County Water District.

*Brian Putra,* for respondent Expert Drywall.

GROSSE, J.—This matter presents a single issue for review: Whether King County properly followed the statutory procedure for vacation of roads contained in RCW 36.87?

The facts are not in dispute. At one time all of 130th Avenue N.E. in Woodinville was a county road. When State Route 522 was completed, 130th Avenue N.E. became a dead–end road. Local landowners (appellants not included) petitioned the County on September 7, 1976 to vacate a portion of the road, since the road was no longer usable for through traffic.

In their petition the landowners sought to vacate only that portion of the road that lay *north* of Bear Creek. The King County Council, acting upon the report of the county road engineer, vacated not only the portion of the road lying north of Bear Creek, *but also the creek bed.* Thus, on September 26, 1977, the Council passed ordinance 3431 which turned over to private ownership that portion of the road north of the creek *and* the creek bed, thereby delegating to the surrounding property owners the upkeep of the culvert through which the creek flows.

Appellants purchased their land in March of 1977, 6 months prior to the passage of the vacation ordinance. Appellants' land is bounded by Bear Creek on the north and 130th Avenue N.E. on the west. Appellants filed their original complaint on April 5, 1979, after learning that their

land had been reclassified as a floodplain.

In the present case local landowners petitioned the County for vacation of part of 130th Avenue N.E. in Woodinville. Their petition asked that the following portion be vacated:

> That portion of 130th Ave NE lying north of Bear Creek and NE 178th Street and south of Primary State Highway No. 2 right of way line. Said portion formerly known as Woodin Way Relocation as established by board of County Commissioners on April 2, 1928.

The County accepted the petition and sent the county road engineer to inspect the road and file his report pursuant to RCW 36.87.030 and RCW 36.87.040 which state:

> Freeholders' petition—Action on petition. On the filing of the petition and bond and on being satisfied that the petition has been signed by petitioners residing in the vicinity of the county road or portion thereof, the board shall direct the county road engineer to report upon such vacation and abandonment.

RCW 36.87.030.

> Engineer's report. When directed by the board the county road engineer shall examine any county road or portion thereof proposed to be vacated and abandoned and report his opinion as to whether the county road should be vacated and abandoned, whether the same is in use or has been in use, the condition of the road, whether it will be advisable to preserve it for the county road system in the future, whether the public will be benefited by the vacation and abandonment, and all other facts, matters, and things which will be of importance to the board, and also file his cost bill.

RCW 36.87.040.

After viewing the area in question the county road engineer filed his report. In his letter to the Council, the engineer recommended that the culvert through which the creek flows should be included in the portion of the road vacated.

The next step in the vacation procedure is a public hearing on the engineer's report. Appellants claim it was error for the Council to conduct the hearing based on the road

description as revised in the engineer's report as opposed to the description contained in the petition. RCW 36.87.050 and .060 clearly state that the hearing is on the engineer's report, not on the original petition.

Notice of hearing on report. Notice of hearing upon the report for vacation and abandonment of a county road shall be published . . .

RCW 36.87.050.

Hearing. On the day fixed for the hearing, the board shall proceed *to consider the report of the engineer,* together with any evidence for or objection against such vacation and abandonment. If the county road is found useful as a part of the county road system it shall not be vacated, but if it is not useful and the public will be benefited by the vacation, *the board may vacate the road or any portion thereof.*

(Italics ours.) Former RCW 36.87.060. Moreover, the Council has the statutory authority to vacate any portion of the road on its own motion. Any objections to the vacation of the road or to the revised description of that portion of the road to be vacated could have been raised at the hearing.

Appellants cite several Washington cases decided pursuant to statutes that have since been repealed and which are quite different in nature from the statutory scheme now in effect. Appellants also cite cases from other jurisdictions which construe statutes from other states. Appellants' leading case, *Brazell v. Seattle,* 55 Wash. 180, 104 P. 155 (1909), construes a statute that provides for the alteration of city plats, not the vacation of streets. In *Brazell,* the Washington court construed a 1903 statute and held that the city council did not properly conform to the statutory procedure for the consideration of a *replat* of a certain area of the city. That statute specifically stated that nothing in the act changed in any way the power of a council to vacate streets. Appellants' reliance on the case is misplaced, except for the general premise that city councils have no inherent authority to vacate streets and that the statutory procedure must be strictly followed. *Brazell,* at 185.

█ This issue can be decided by referring to the present statutory scheme for the vacation of roads. That procedure was followed in the present case. Moreover, the power to vacate streets is a political function; in the absence of collusion, fraud, or the interference with a vested right, this function will not be judicially reviewed. *Capitol Hill Methodist Church v. Seattle*, 52 Wn.2d 359, 324 P.2d 1113 (1958). Appellants have failed to make this showing.

Appellants also attack the adequacy of the notice given of the County's intended action. To be sure, proper notice must be given before the hearing on the engineer's report. The statutory requirements are set out in RCW 36.87.050.

> Notice of hearing on report. Notice of hearing upon the report for vacation and abandonment of a county road shall be published at least once a week for two consecutive weeks preceding the date fixed for the hearing, in the county official newspaper and a copy of the notice shall be posted for at least twenty days preceding the date fixed for hearing at each termini of the county road or portion thereof proposed to be vacated or abandoned.

Appellants claim that the notice of hearing was not properly published in this case for several reasons: (1) that the published notice did not point out that the description of the area under consideration to be vacated differed from that contained in the original landholders' petition; and (2) that publication of the notice in the Beacon Hill News was not sufficient.

█ First, appellants contend that the published notice should have contained a caveat to interested parties that the Council had modified the portion of the road to be vacated. Appellants claim that this failure resulted in improper notice. The law does not require a caveat of this nature. What is required is published notice of a hearing upon the engineer's report—not a hearing upon the petition. Since the county engineer and the Council have the power to modify the portion of the road to be vacated, the petitioners cannot safely assume that the engineer's report does not vary from the original petition.

Appellants do not allege that there was an error in the description as it ran in the newspaper. The ad contained the legal description of the portion of the road under consideration as modified by the engineer's report. A careful reading of the published notice would have put any interested parties on notice that the portion of the road under consideration had changed. Appellants' argument on this point is without merit.

Secondly, appellants assert that publication in the Beacon Hill News was not sufficient. The Beacon Hill News was the County's legal newspaper at the time. Appellants contend that since the paper has a circulation in South King County and the road in question is located in Woodinville, that publication in the County's legal newspaper should not be considered proper notice.

Once a year the county legislative authority is required by RCW 36.72 to select the official county newspaper. The newspaper selected must meet the requirements set out in RCW 36.72.075. Appellants make no showing that the Beacon Hill News does not meet these criteria, other than to complain that the Beacon Hill News is not widely circulated in Woodinville. If the county has two or more legal newspapers, the county shall let the contract "to the best and lowest responsible bidder, giving consideration to the question of circulation in awarding the contract, with a view to giving publication of notices the widest publicity." RCW 36.72.075. Although the range of circulation is one factor to be used by the county in selecting a paper, the selected paper does not have to find its way equally into all parts of the county.

Government officials are given wide discretion in choosing an official newspaper. *King Cy. v. Superior Court,* 199 Wash. 591, 92 P.2d 694 (1939) (paper upheld as official county newspaper even though it was of limited circulation and was published by a political group). Since the commissioners are exercising their administrative and discretionary powers when choosing an official newspaper, a judicial review of their actions is successful only if it appears they

acted arbitrarily and capriciously. *King County,* at 596. Appellants have failed to make the necessary showing to successfully attack the County's choice of the Beacon Hill News as the official legal newspaper. Their contentions on this point are without merit.

The trial court's order on summary judgment dismissing all claims of the appellants "with regard to the vacation of 130th Avenue N.E. located in Woodinville, Washington insofar as they relate to the claim of purported invalid vacation of a portion of the street by King County Council" is affirmed.

SCHOLFIELD, C.J., and WILLIAMS, J., concur.